**Morrie WISHNICK et al., Plaintiffs,**

**v.**

**ONE STOP FOOD & LIQUOR STORE, INC., and NDK Corporation, Defendants.**

**No. 72 C 487.**

United States District Court, N. D. Illinois.

July 24, 1973.

See also D.C., 359 F.Supp. 239.

M. Leslie Kite, Fred L. Drucker, of Martin, Drucker, Karcazes & Kite, Ltd., Chicago, Ill., for plaintiffs.

Michael F. Harvey, Chicago, Ill., for defendants.

**MEMORANDUM OPINION AND ORDER**

BAUER, District Judge.

This cause comes on the defendants' motion for a more definite statement of paragraph 10 of the Complaint.

This action is brought under 29 U.S.C. § 185 for an alleged violation of a contract between an employer and a labor organization.

The plaintiffs are the Board of Trustees of Chicago Area Retail Food Clerks Health & Welfare Trust Fund ("Welfare Fund"), which trust allegedly was created and exists pursuant to a certain Agreement of Trust, dated December 1, 1960, as amended thereafter from time to time, in accordance with the provisions of 29 U.S.C. § 186(c).

The defendants, One Stop Food & Liquor Store, Inc., and NDK Corporation, are employers in an industry affecting commerce as defined by the Labor Management Act of 1947 and have their principal places of business in Chicago, Illinois.

The plaintiffs in their complaint allege the following facts, *inter alia*:

1. The Welfare Fund was established for the purpose of providing retirement benefits for employees (and their beneficiaries) whose employers have entered into a collective bargaining agreement with a labor organization which is a party to the Welfare Fund's Agreement and Declaration of Trust. This Welfare Fund arrangement is commonly referred to as a jointly administered multi-employer Health and Welfare Fund.

2. The Retail Food and Drug Clerks Union, Local 1550, a party to the Welfare Fund's Agreement and Declaration of Trust, entered into a collective bargaining agreement governing the wages, hours, conditions of work and terms of employment for employees of the defendants. This agreement became effective on November 29, 1964 and provides in Article 17 that defendants would contribute to the Welfare Fund certain sums per month for each regular employee and regular part-time employee. The agreement also provides that any employer who is sixty days delinquent in the payment of any or all of the contributions required by Article 17 shall pay as liquidated damages the sum of twenty dollars or ten percent of the amount delinquent, which ever is greater.

3. The defendants have failed and refused to contribute to the Welfare Fund in accordance with the provisions of the collective bargaining agreement.

4. There is due to the Welfare Fund from defendants the sum of $10,000 which constitutes unpaid contributions and liquidated damages for the period from January 1, 1969 through December 31, 1971.

The defendants in support of their motion for a more definite statement contend that they cannot answer to the charge stated in paragraph 10 of the Complaint without information as to the date, time and employees concerned so as to resolve the factual issue presented by the plaintiffs.

The plaintiffs, in paragraph 10 of the Complaint, claim:

"That there is due to the Welfare Fund, including liquidated damages, the sum of $10,000 for the period January 1, 1969 through December 31, 1971."

The 1946 amendment to Rule 12 of the Federal Rules of Civil Procedure ("FRCP") in deleting the reference to a bill of particulars and in changing the language of the rule from "a party may move for a more definite

statement or for a bill of particulars of any matter which is not covered with sufficient definiteness or particularity to enable him properly to prepare his responsive pleading or to prepare for trial" to "If a pleading . . . is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement" makes it plain that the rule is designed to strike at unintelligibility rather than want of detail. If the pleading meets the requirements of Rule 8 FRCP and fairly notifies the opposing party of the nature of the claim, a motion for a more definite statement should not be granted. CMAX, Inc. v. Hall, 290 F.2d 736 (9th Cir. 1959); Robinson v. Penn Central, 336 F.Supp. 658 (E.D.Pa.1971); Garza v. Chicago Health Clubs, Inc., 329 F.Supp. 936 (N.D.Ill.1971); Royal Indemnity Co. v. City of Erie, 326 F.Supp. 571 (W.D.Pa.1971); Fairmont Foods Co. v. Manganello, 301 F.Supp. 832 (S.D.N.Y. 1969). The deletion of the phrase "or to prepare for trial" makes it clear that a motion for a more definite statement should not be granted to require evidentiary detail which is normally the subject of discovery under Rules 26 through 36 of the FRCP. Nixa v. Hayes, 55 F.R.D. 40 (E.D.Wis.1972); Blue Diamond Coal Co. v. United Mine Workers, 282 F.Supp. 562 (E.D.Tenn.1968); B–H Transportation Co. v. Great Atlantic & Pacific Tea Co., 44 F.R.D. 436 (N.D.N.Y.1968).

It is the opinion of this Court that the plaintiffs in paragraph 10 of the Complaint have adequately served notice on the defendants and sufficiently pleaded a claim.

Accordingly, it is hereby ordered that the defendants' motion for a more definite statement is denied.