Norman S. GOTTREICH and Margareta
E. Gottreich, Plaintiffs-Appellants,

v.

SAN FRANCISCO INVESTMENT
CORPORATION et al.,
Defendants-Appellees.

No. 74–3376.

United States Court of Appeals,
Ninth Circuit.

March 15, 1977.

Pierce N. Stein, San Francisco, Cal., for plaintiffs-appellants.

James Curtis, San Francisco, Cal., for defendants-appellees.

Before DUNIWAY, CARTER and CHOY, Circuit Judges.

DUNIWAY, Circuit Judge.

The Gottreichs filed a complaint and an amended complaint alleging violations of (1) § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b); (2) SEC Rule 10b–5, 17 C.F.R. § 240.10b–5 (1976); and (3) state law. The district court dismissed the action on the ground that the amended complaint failed to state a claim upon which relief could be granted. The amended complaint is hardly a model, but it is sufficient.

Rule 9(b), F.R.Civ.P., with its requirement of pleading with particularity, applies to Rule 10b–5 cases, but a pleading is sufficient under Rule 9(b) if it identifies "the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Walling v. Beverly Enterprises*, 9 Cir., 1973, 476 F.2d 393, 397.

The Gottreichs do state the alleged misrepresentations with particularity—the defendants' claims of expertise and special knowledge, as bases for predictions that the price of shares in Educational Development, Inc., and other companies would rise, thus providing capital gains. The Gottreichs further allege that the defendants knew, or

should have known,[1] that the representations were false. That conclusion may also be inferred from the prior allegation that the stock recommendations "were made wilfully and recklessly, without an adequate or reasonable basis, and without sufficient and proper investigation and analysis. . . ." Defendants say that an allegation that they knew that the representations were false is not the equivalent of an allegation that the representations were false. How could defendants know that they were false if they were not false? We had thought that this kind of nit-picking had disappeared in 1938, when the Federal Rules of Civil Procedure were first adopted.

 The defendants stand charged with making what purported to be an expert prediction, based upon special knowledge, when in fact, they had no basis for claiming such expertise or knowledge. Such predictions may constitute misstatements of material facts, and brokers may be subject to liability for making them. *Marx v. Computer Sciences Corp.*, 9 Cir., 1974, 507 F.2d 485, 489; *G & M, Inc. v. Newbern*, 9 Cir., 1973, 488 F.2d 742, 745–46. Moreover, the amended complaint does indicate "the time, place and content of the false misrepresentation[s], the fact[s] misrepresented and what was obtained or given up as a consequence of the fraud." 2A J. Moore, Federal Practice ¶ 9.03, at 1927–1928 (2d ed. 1975).

 Defendants argue that the complaint does not adequately plead causation or damages because the Gottreichs' loss can be explained by a general decline in stock prices rather than by the Gottreichs' reliance on any representations made by the defendants.[2] This argument is meritless. The Gottreichs do not charge that the defendants' misrepresentations caused the market price of the securities to go down. They charge that the defendants' misrepresentations caused them to make and hold investments in a declining market. They relied on the misrepresentations; thus causation is adequately alleged. The damage allegation gives the defendants more than sufficient notice of the Gottreichs' legal theory and the ultimate facts on which they rely.

Reversed and remanded for further proceedings.[3]

1. In view of the holding in *Ernst & Ernst v. Hochfelder*, 1976, 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668, that Section 10(b) and Rule 10(b)–5 do not encompass negligent misrepresentation, the portion of the complaint stating "or should have known" will be disregarded for the purpose of assessing the sufficiency of the pleadings, at least with respect to the federal claim for relief.

2. Defendants say in their brief:

The duty owing from defendants to plaintiffs in the abstract will vary, under *White*, relative to the juxtaposition of the real world environmental encasement of the two sides. The concept of causation would seem less plastic.

Briefs should be written in the English language!

3. This opinion does not affect the order filed on November 11, 1976, granting a motion to withdraw filed by the defendants' attorneys. We decline to modify or revoke that order.