Jack A. SERPA, Plaintiff,

v.

MADDA TRADING COMPANY, a corporation, and Robert Foreman, Defendants.

No. CV 79–103–EDP.

United States District Court, E. D. California.

Dec. 9, 1980.

Jack M. Tipton, Wild, Carter, Tipton, Quaschnick & Oliver, Fresno, Cal., for plaintiff.

Joel Bellows, Wellows & Associates, Chicago, Ill., and Brad B. Geery, Sandell, Young & St. Louis, Fresno, Cal., for defendants.

PRICE, District Judge.

Defendant, in his Notice of Motion for Summary Judgment, states that "said motion will be made and based upon Federal Rules of Civil Procedure, Rule 56, and all other applicable procedural law. Said motion will be made and based on the further grounds that these defendants are entitled to judgment in their favor as a matter of law, that the action against them has no merit, and that there is no triable issue of fact."

In reviewing the deposition of the plaintiff, Jack A. Serpa, and of the witnesses Robert Owens Foreman and George Singleton, the court finds that there are triable issues of facts on which the plaintiff is entitled to go to trial. Hence, defendant's Motion for Summary Judgment as to the entire action is denied.

In paragraphs 14 and 15 of Count II of plaintiff's Complaint (page 5, lines 1–15), plaintiff seeks to base a separate cause of action upon the defendant's alleged violation of Rule 932(e)(2) of the Rules of the Chicago Mercantile Exchange. Plaintiff cites and relies on cases which have allowed private causes of action to be based upon rules of the New York Stock Exchange.[1]

However, *Hofmayer v. Dean Witter & Co., Inc.*, 459 F.Supp. 733 (N.D.Cal.1978), makes an important distinction between the cases involving rules of the New York Stock Exchange and cases involving rules of the Chicago Mercantile Exchange. The distinction is fundamental and goes to the jurisdiction of the Federal District Courts.

In support of his order dismissing Hofmayer's claim grounded on alleged violations of the Rules of the Chicago Board of Trade and the Chicago Mercantile Exchange, Judge Schwartzer makes the following statement:

"Moreover, there is no basis for federal jurisdiction over such a claim. As noted above, the Commodity Exchange Act contains no general grant of jurisdiction to the federal courts and is thus distinguishable from the Securities Exchange Act which contains an explicit provision granting jurisdiction to the federal district courts for 'violations of this chapter or the rules and regulations thereunder.' § 27, 15 U.S.C. § 78aa. The courts have read this language broadly to include

---

1. The Circuits are split on this issue. See *Buttrey v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 410 F.2d 135 (7th Cir. 1969) *cert. den.* 396 U.S. 838, 90 S.Ct. 98, 24 L.Ed.2d 88 (1969), and compare *Colonial Realty Corp. v. Bache & Co.*, 358 F.2d 178 (2nd Cir. 1966), *cert. den.* 385 U.S. 817, 87 S.Ct. 40, 17 L.Ed.2d 56 (1966).

stock exchange rules; they have also used the existence of such federal jurisdiction as one factor in implying a private right of action. *Zagari v. Dean Witter & Co., Inc.,* CCH Fed.Sec.L.Rep. ¶ 95,777 (N.D. Cal. Sept. 26, 1976). Reliance on 28 U.S.C. § 1337 as a ground for jurisdiction over violations of specific statutory provisions is to be distinguished from jurisdiction over violations of exchange rules which are not 'Acts of Congress regulating commerce.' Although a violation of duties inferable from a statute regulating commerce may also give rise to § 1337 jurisdiction [*Garrett v. Time–D.C. Inc.,* 502 F.2d 627 (9th Cir. 1974), cert. denied, 421 U.S. 913, 95 S.Ct. 1569, 43 L.Ed.2d 778 (1975)], the exchange rules involved here cannot be inferred directly from the statute, having been independently promulgated by private groups. The lack of federal jurisdiction therefore requires dismissal of the claim so far as it is based on violations of Exchange and Board of Trade Rules."

For the foregoing reasons, Count II of plaintiff's Complaint, as well as Count III of plaintiff's Complaint, insofar as they are based upon alleged violation of the Rules of the Chicago Mercantile Exchange are ordered dismissed.

In view of the time constraints imposed on the court by the tardy filing of defendant's Motion for Summary Judgment, the previous trial date in this matter is vacated. Accordingly, the court sets the matter down for Pretrial–Settlement Conference on Monday, January 19, 1981, at 3:00 p. m. before the Magistrate.

The parties are specifically ordered to file their amended Pretrial Statements no later than Monday, January 5, 1981, and have prepared for the court's review proposed Joint Pretrial Statement at the time of the Pretrial–Settlement Conference.

The trial of the matter is set for Tuesday, February 24, 1981, for jury trial.

