Harry LEWIS, John A. Naye and Mary
H. Naye, Plaintiffs,

v.

C.M. BERRY, et al., Defendants.

Harry LEWIS, John A. Naye, and Mary
H. Naye, Plaintiffs,

v.

ARTHUR ANDERSEN & CO.,
Defendant.

Nos. C82–1244VR, C83–1382MR.

United States District Court,
W.D. Washington.

March 20, 1984.

Frederick V. Betts, John P. Braislin, Carl H. Hagens, Betts, Patterson & Mines, Seattle, Wash., Melvyn I. Weiss, William S. Lerach, Milberg, Weiss, Bershad, Specthrie & Lerach, San Diego, Cal., Sherrie R. Savett, Berger & Montague, Philadelphia, Pa., for plaintiffs.

Richard M. Clinton, Lucy P. Isaki, James H. Lowe, Robert G. Dodge, Bogle & Gates, H.J. Merrick, Allan Baris, Evan Schwab, Davis, Wright, Todd, Riese & Jones, Ron Sim, Schweppe, Krug, Tausend & Beezer, Paul Cressman, Short & Cressman, T. Dennis George, George, Hull & Porter, William

Helsell, Helsell, Fetterman, Martin, Todd & Hokanson, Seattle, Wash., for defendants.

ORDER DENYING DEFENDANT AN-DERSEN'S MOTION TO DISMISS THE COMPLAINT IN *LEWIS v. AN-DERSEN*

ROTHSTEIN, District Judge.

THIS MATTER comes before the court on the motion of defendant Arthur Andersen & Co. to dismiss the Complaint in *Lewis v. Andersen* pursuant to Rules 9(b) and 12(b)(6), Fed.R.Civ.P. Having reviewed the memoranda submitted in support of and in opposition to the motion, together with the records and files in these consolidated cases, the court finds and rules as follows:

Defendant Arthur Andersen & Co. (Andersen), a partnership of certified public accountants, was engaged by Seafirst Corporation (Seafirst) to provide auditing and accounting services to Seafirst and Seattle-First National Bank (the Bank). In the course of serving as Seafirst's outside accountant, Andersen allegedly violated federal and state securities laws, and aided and abetted Seafirst and the Bank in violating these laws. Specifically, plaintiffs claim that Andersen violated: section 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5 promulgated thereunder by the Securities and Exchange Commission, 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b–5, respectively; section 13(b)(2) of the Securities Exchange Act and SEC Rule 13b2–1 thereunder, 15 U.S.C. § 78m(b)(2) and 17 C.F.R. § 240.13b2–1, respectively; and, the Washington counterpart to Rule 10b–5, RCW 21.20.010. In addition, plaintiffs allege that defendant Andersen engaged in fraud and negligent misrepresentation.

Andersen has moved to dismiss each of these claims for failure to state the circumstances constituting fraud with particularity as required by Fed.R.Civ.P. 9(b). Andersen has also moved to dismiss the Complaint for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6), because "scienter" is not adequately alleged. For the reasons which follow, the court denies Andersen's motion.[1]

Andersen contends that the Complaint lacks the particularity required by Fed.R. Civ.P. 9(b). Relying upon a line of Second Circuit cases which have adopted an expansive interpretation of Rule 9(b), Andersen argues that in order to further the purposes underlying the rule, the burden of pleading fraud with particularity must be a demanding one. *See* Memorandum of Andersen in Support of Motion to Dismiss at 14–17. These purposes include protecting accountants and other professionals from lawsuits which wrongfully damage their reputations, minimizing the number of strike suits, and apprising the defendant of the claims against it and the grounds upon which the claims rest. *See, e.g., Ross v. A.H. Robins Co.,* 607 F.2d 545, 557 (2d Cir.1979), *cert. denied,* 446 U.S. 946, 100 S.Ct. 2175, 64 L.Ed.2d 802 (1980); *Segal v. Gordon,* 467 F.2d 602, 607 (2d Cir.1972).

 The Ninth Circuit has adopted a less strict interpretation of Rule 9(b) than has the Second Circuit. *Compare Ross v. A.H. Robins Co.,* 607 F.2d 545 (2d Cir.1979) *with Gottreich v. San Francisco Investment Corp.,* 552 F.2d 866 (9th Cir.1977). In this circuit, "a pleading is sufficient under Rule 9(b) if it identifies 'the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations.'" *Id., quoting Walling v. Beverly Enterprises,* 476 F.2d 393, 397 (9th Cir.1973). Conclusory allegations of fraud will not satisfy Rule 9(b), but "statements of the time, place and nature of the alleged fraudulent activities will." *Bosse v. Crowell, Collier and Macmillan,* 565 F.2d 602, 611 (9th Cir.1977). Rule 9(b) does not require any particularity in connection with an averment of intent, knowl-

---

1. Prior to the two *Lewis* cases being consolidated before this court, The Honorable Donald S. Voorhees denied a motion to dismiss the Amended Complaint in *Lewis v. Berry* pursuant to Rules 9(b) and 12(b)(6). The Complaint in *Lewis v. Andersen* is similar to the Amended Complaint deemed sufficient by Judge Voorhees.

edge or condition of the mind. *Walling v. Beverly Enterprises,* 476 F.2d at 397.

This court rejects the notion that professionals, such as defendant Andersen, are entitled to greater particularity than are other defendants when an allegation of fraud is made. As the court cautioned in *Denny v. Carey,* 72 F.R.D. 574 (E.D.Pa. 1976):

> [a] court may become too demanding if it unduly focuses on potential harm to defendants' reputations or the possibility of a "strike" or nuisance suit.... A strict application of Rule 9(b) in class action securities fraud cases could result in substantial unfairness to persons who are the victims of fraudulent conduct.

*Id.* at 578. The particularity requirement of Rule 9(b) "is not intended to act as 'a sword in the hands of a defendant that cuts off claims that may be meritorious, especially when it is clear that the party accused of fraud has sufficient information to defend himself.' " *Klein v. Merrill Lynch, Pierce, Fenner and Smith, Inc.,* Fed.Sec. L.Rep. (CCH) ¶ 96,523 at 94,055 (E.D.N.Y. 1978) *quoting Omega-Alpha, Inc. v. Touche Ross & Co.,* Fed.Sec.L.Rep. (CCH) ¶ 95,663 at 90,267–268 (S.D.N.Y.1976).

Plaintiffs plead with specificity the reports issued by Seafirst which contain the alleged misrepresentations, and they have detailed the allegedly false and misleading statements contained in, and the material facts omitted from, the reports. Further, plaintiffs have alleged that Andersen knew of the misrepresentations or was reckless in not knowing of them. The court finds that plaintiffs have stated their claims with sufficient particularity to permit Andersen to prepare an answer, and to satisfy the requirements of Fed.R.Civ.P. 9(b). *Cf. Denny v. Carey,* 72 F.R.D. 574.

Andersen has also moved to dismiss the Complaint under Rule 9(b) because the entire Complaint, with the exception of those allegations pertaining to the named plaintiffs, is alleged upon information and belief. Even allegations on information and belief may, however, satisfy the particularity requirement if "the allegations are accompanied by a statement of the facts upon which the belief is founded." *Schlick v. Penn-Dixie Cement Corp.,* 507 F.2d 374, 379 (2d Cir.1974), *cert. denied,* 421 U.S. 976, 95 S.Ct. 1976, 44 L.Ed.2d 467 (1975). The Complaint herein could be construed as inadequate because nothing is alleged to be a supporting fact. However, as in *Hudson v. Capital Management Int'l Inc.,* [1982–1983 Transfer Binder] Fed.Sec.L.Rep. ¶ 99,222 (N.D.Cal.1982), this court finds that the Complaint contains sufficient factual detail to permit pleading on information and belief even though no facts are alleged to be supporting facts.

Finally, Andersen has moved to dismiss the Complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted, asserting that the Complaint fails to adequately allege "scienter." The purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of the complaint. 5 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 1356 (1969). Material allegations of the complaint are taken as true and the complaint is to be liberally construed in favor of the plaintiff. *Halet v. Wend Investment Co.,* 672 F.2d 1305, 1309 (9th Cir.1982). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiffs can prove no set of facts that would entitle them to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

Scienter is a necessary element of a claim under section 10(b) and Rule 10b–5. *Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 193, 96 S.Ct. 1375, 1380, 47 L.Ed.2d 668 (1976). Andersen contends that the scienter required to support such a claim is "knowing or reckless intent to defraud." Reply Memorandum of Andersen at 11. Andersen misconstrues the scienter required in a Rule 10b–5 action. An outside accountant, such as Andersen, may be liable under Rule 10b–5 for misrepresentations in financial documents "if it knows or is reckless in not knowing that the facts reported in the [financial docu-

ments] materially misrepresent the condition of the issuer." *Admiralty Fund v. Hugh Johnson & Co.*, 677 F.2d 1301, 1312 (9th Cir.1982) (certified financial statements contained in prospectus). *See also, Keirnan v. Homeland, Inc.*, 611 F.2d 785, 788 (9th Cir.1980) (defendants acted recklessly if they had reasonable grounds to believe material facts existed that were misstated or omitted, but nonetheless failed to obtain and disclose such facts although they could have done so without extraordinary effort).

Plaintiffs have alleged that Andersen knew or was reckless in not knowing that Seafirst's financial reports materially misrepresented Seafirst's financial condition. This is a sufficient averment of scienter to support a federal securities action.

Andersen's motion to dismiss the Complaint under Fed.R.Civ.P. 9(b) and 12(b)(6) is hereby DENIED.

IT IS SO ORDERED.