Larry F. WOODS, Plaintiff,

v.

RENO COMMODITIES, INC., and Chicago Grain and Financial Futures Company, Defendants.

No. CV–R–84–115–ECR.

United States District Court,
D. Nevada.

Dec. 28, 1984.

Roger W. Jeppson, Woodburn, Wedge, Blakey & Jeppson, Reno, Nev., for plaintiff.

Frank N. Masino, David J. Hodge, James McNab III, San Francisco, Cal. and Vargas & Bartlett, by Albert F. Pagni, Reno, Nev., for Chicago Grain & Financial Futures Co.

Echeverria & Osborne, Reno, Nev., for Reno Commodities, Inc.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, District Judge.

The two defendants have filed individual motions to dismiss the First, Second and Fourth Claims for Relief for failure to

state claims upon which relief can be granted, Fed.R.Civ.P. 12(b)(6), and for more definite statements, Fed.R.Civ.P. 12(e), as to all five claims for relief contained in the plaintiff's Complaint. The points and arguments made in the memoranda of points and authorities filed by the respective defendants are virtually identical, therefore both motions will be discussed and decided herein.

The First Claim for Relief contends that the wrongful liquidation by the defendants of the plaintiff's commodity futures positions constituted an attempt to defraud him within the intendment of the Commodity Exchange Act, 7 U.S.C. § 1 *et seq.,* and particularly 7 U.S.C. § 6b. The Second Claim for Relief alleges that the willful liquidation of the plaintiff's positions constituted a tortious interference with contractual relations between the plaintiff and certain traders he represented in his account with defendant Reno Commodities, Inc. (Reno). The common law tort of negligence is the basis for the Third Claim for Relief, which asserts that the defendants' acts were negligent and in reckless disregard of the rights of the plaintiff. The record keeping requirements of 7 U.S.C. § 6g serve as the ground for the Fourth Claim for Relief. It alleges that the defendants' failure to keep such records caused the plaintiff's losses. Finally, the Fifth Claim for Relief contends that the defendants' actions were fraudulent and malicious, thus entitling the plaintiff to exemplary damages.

The pertinent allegations of the First Claim for relief are as follows: Defendant Reno is engaged in the business of soliciting and accepting orders for the purchase and sale of commodities for future delivery. It is a futures commission merchant, as defined under the Act. Further, Reno is the expressly authorized agent of defendant Chicago Grain and Financial Futures Company (Chicago). Chicago is in the business of buying and selling commodities for future delivery in contract markets, so that its activities also are covered by the Act. The plaintiff opened an account with Reno on May 17, 1983, and thereafter conducted a continuous and substantial commodity trading business with that defendant. Reno conducts its business through, and is an authorized agent of, Chicago. On September 19, 1983, a computer print-out of the plaintiff's account with Reno showed a substantial deficit, whereas the plaintiff's own records reflected an equally substantial credit in the account. The plaintiff was informed that Reno had no written records of its commodities transactions, therefore the plaintiff's personal records couldn't be verified. Upon information and belief, subsequent communications between Reno and Chicago failed to correct the improper accounting. As a result, the defendants improperly liquidated the plaintiff's positions. The liquidation caused a substantial financial loss to the plaintiff. Subsequently, Reno's computer showed a credit in the plaintiff's account which confirmed the accuracy of his own records. Nevertheless, both defendants have refused the plaintiff's demand for reimbursement. At the time of these occurrences, the plaintiff represented several traders in his account with Reno. Because of what happened, however, they have taken their trading business directly to Reno, thus bypassing the plaintiff, to his loss. The willful actions of both defendants, and each of them, in liquidating the plaintiff's positions constituted an attempt by them to defraud the plaintiff. He has suffered financial losses from the liquidation itself and from the defection of his traders. The defendants' actions violated 7 U.S.C. § 6b.

The defendants, in support of their motions, argue that sufficient facts are not alleged in the Complaint to state a claim for relief sounding in fraud. No scienter has been alleged, nor has there been sufficient specification of the relationship between the traders and the plaintiff. Also, there is no contention in the Complaint that either of the defendants knew of that purported relationship. Therefore, a nexus or causal connection between the allegedly fraudulent actions and the plaintiff's damages has not been set forth. Defection of the traders was not foreseeable. In addi-

tion, it is contended by the defendants that there is no allegation that either of them knew that their records as to the status of the plaintiff's account were inaccurate. They had the right to liquidate his positions in the event of a continuing deficit. A mere error or negligence in accounting will not give rise to the fraud or attempted fraud proscribed by § 6b. Further, the defendants argue that the Complaint doesn't distinguish between them as to the allegedly wrongful activities and the damages resulting therefrom.

A commodities futures commission merchant stands in a fiduciary relationship with its client. *Commodity Futures Trading Com'n v. Savage*, 611 F.2d 270, 285 (9th Cir.1979); *Marchese v. Shearson Hayden Stone, Inc.*, 734 F.2d 414, 418 (9th Cir.1984). This status imposes on the merchant an affirmative duty of utmost good faith and full and fair disclosure of all material facts. *Ibid.*

The primary focus of § 6b is to protect buyers and sellers of futures contracts from fraud practiced by their brokers. *Merrill Lynch, Pierce, Fenner & Smith v. Curran*, 456 U.S. 353, 389, 102 S.Ct. 1825, 1844, 72 L.Ed.2d 182 (1982); *Merrill Lynch Futures Inc. v. Kelly*, 585 F.Supp. 1245, 1251 (S.D.N.Y.1984). An arbitrary, unreasonable or otherwise wrongful liquidation of a customer's account can serve as the basis for a § 6b fraud action. *See Markowitz v. Merrill Lynch, Pierce, Fenner & Smith*, 579 F.Supp. 124, 127-9 (S.D.N.Y.1984); *Crabtree Investments v. Merrill Lynch*, 577 F.Supp. 1466, 1472, 1474 (M.D.La.1984). In order to violate the Act, it is not necessary that the defendants specifically intended to injure the plaintiff; it must appear, however, that the wrongful acts were intentional and that the defendants knew or recognized their fraudulent character. *Merrill Lynch Futures Inc. v. Kelly, supra* at 1252; *McIlroy v. Dittmer*, 732 F.2d 98, 101 (8th Cir.1984); *see also Commodity Futures Trading Com'n v. Savage, supra* at 283.

Privity or personal contact between the plaintiff and a defendant is not an essential element of a § 6 action. *Merrill Lynch, Pierce, Fenner & Smith v. Curran, supra*, 456 U.S. at 394, 102 S.Ct. at 1847. The fraudulent actions of an agent are imputed to his principal. 7 U.S.C. § 4; *Commodities Fut. Trad. v. Commodities Fluctuations*, 583 F.Supp. 1382, 1384 (S.D.N.Y.1984). Agency may be found where the purported agent's activities benefited, even in part, the principal. *Ibid.*

Fed.R.Civ.P. 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." It is succinctly explained in 5 Wright & Miller, Fed.Prac. and Proc. § 1216, at pp. 120–123: All elements that give rise to a legal basis for recovery need not be stated precisely, so long as fair notice of the nature of the action is provided. Nevertheless, either a direct allegation as to every material point must be found in the complaint or else there must be allegations from which an inference may be drawn that evidence on these points will be introduced at trial. The opinion in *Sherwin v. Oil City National Bank*, 18 F.R.D. 188, 191 (W.D.Pa.1955), *aff'd* 229 F.2d 835 (3rd Cir.1956), quotes from Professor Moore that "... it is not enough to indicate merely that the plaintiff has a grievance, but sufficient detail must be given so that the defendant, and the court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery." The First Claim for Relief herein meets these tests, but the defendants urge that it fails to comply with Fed.R.Civ.P. 9(b), which directs that, when fraud is averred, the circumstances constituting the fraud shall be stated with particularity.

The Ninth Circuit repeatedly has held that Rule 9(b) does not require any particularity as to intent or knowledge; it only calls for the identification of the circumstances constituting the fraud so that a defendant can prepare an adequate answer from the allegations. *Walling v. Beverly*

*Enterprises,* 476 F.2d 393, 397 (9th Cir. 1973); *Gottreich v. San Francisco Inv. Co.,* 552 F.2d 866 (9th Cir.1977). Both *Walling* and *Gottreich* declare that allegations indicating the time, place and nature of the fraudulent activities satisfy the directive of Rule 9(b). Also, causation must be shown. *J.E. Hoetger & Co. v. Ascencio,* 572 F.Supp. 814, 820 (E.D.Mich.1983). The Complaint herein alleges that the two defendants, after being advised that their accounting of the plaintiff's account was in error, improperly liquidated his positions; as a result he suffered direct financial loss and the defection of traders who had dealt through him. Even after the defendants realized their error, they refused to reimburse the plaintiff, according to the Complaint. These allegations sufficiently identify the circumstances of the purported fraud so that the defendants can prepare an adequate answer.

It is preferable that a complaint set forth the nature of each defendant's participation in the fraud, *Bruns v. Ledbetter,* 583 F.Supp. 1050, 1052 (S:D.Cal.1984), especially where there are issues of primary and secondary liability, *Hokama v. E.F. Hutton & Co., Inc.,* 566 F.Supp. 636, 646 (C.D. Cal.1983). The Complaint herein alleges a principal-agent relationship between the two defendants, which could result in either or both being held liable. The prayer of that pleading asks the Court to apportion liability and damages between the two defendants. Thus, a reasonable attempt appears to have been made by the plaintiff to be specific in light of his limited knowledge at the time. This seems sufficient. *See Zatkin v. Primuth,* 551 F.Supp. 39, 42 (S.D.Cal.1982); *In re Equity Funding Corp. of Amer. Sec. Litigation,* 416 F.Supp. 161, 181 (C.D.Cal.1976).

■■■ The allegation in the Complaint that communications between the two defendants failed to correct the improper accounting, is made on information and belief. Such a contention should be accompanied by a statement of the facts upon which the belief is based. *Zatkin v. Primuth, supra* at 42. However, the absence of such a statement is not fatal where, as here, the facts that have been pleaded enable the defendants to frame adequate answers. *See Lewis v. Berry,* 101 F.R.D. 706, 709 (W.D.Wash.1984). Further information can be gleaned by the defendants from discovery, *see Hagstrom v. Breutman,* 572 F.Supp. 692, 698 (N.D.Ill.1983) which, in turn, might then make a motion for summary judgment appropriate, *Johnson v. Arthur Espey, Shearson, Hammill & Co.,* 341 F.Supp. 764, 766 (S.D.N.Y.1972). The Rule 12(b)(6) motions to dismiss the First Claim for Relief must be denied.

■■■ The Second Claim for Relief incorporates all the allegations of the First Claim and, in addition, contends that the willful acts of the defendants in liquidating the plaintiff's positions constituted intentional interference with his contractual relations. The defendants' motions to dismiss emphasize that: No valid contracts have been alleged between the plaintiff and the traders who dealt through his account; no knowledge of the relationships on the part of the defendants has been alleged; and there is no indication that any interference was motivated by a wrongful purpose.

Tortious interference with contractual relations is recognized in Nevada. *Local Joint Exec. Bd. of Las Vegas v. Stern,* 98 Nev. 409, 651 P.2d 637, 638 (1982). Among the essential elements of the tort are: (1) a valid contract, (2) knowledge by the defendants of the contract, and (3) intent to induce its breach. *JBL Enterprises, Inc. v. Jhirmack Enterprises, Inc.,* 698 F.2d 1011, 1019 (9th Cir.1983).

The Complaint herein doesn't sufficiently allege facts or circumstances to establish any of these material points, nor is there any inference that evidence to establish the elements of the tort would be introduced at trial. The defendants' Rule 12(b)(6) motions to dismiss the Second Claim for Relief must be granted.

■■■ The Third Claim for Relief incorporates all the allegations of the First and Second Claims, and further asserts that the defendants acted negligently, con-

trary to the custom and practice of the commodities trading industry, and with reckless disregard for the rights of the plaintiff in causing the liquidation of the plaintiff's positions. The defendants' motions ask for a more definite statement, Fed.R.Civ.P. 12(e), as to this Claim.

Rule 12(e) is designed to strike at unintelligibility, rather than want of detail. 2A Moore's Fed.Prac., ¶ 12.18 at p. 2389. The Complaint herein is not so vague or ambiguous that the defendants cannot reasonably respond. A motion for more definite statement should not be granted to require evidentiary detail that may be the subject of discovery. *Wishnick v. One Stop Food & Liquor Store, Inc.*, 60 F.R.D. 496, 498 (N.D.Ill.1973); *see also CMAX, Inc. v. Hall*, 290 F.2d 736, 738 (9th Cir.1961).

The defendants seek more specific details as to their knowledge that the plaintiff represented traders and any contractual relations between them, and as to which defendant performed each act of which the plaintiff complains. This information, to the extent possessed by the plaintiff, may be obtained through discovery. The Complaint is not unintelligible as it stands. The motions for more definite statements must be denied as to all five claims for relief.

The Fourth Claim for Relief incorporates the allegations of the first three claims, and further asserts that the defendants' failure to maintain adequate records of the plaintiff's account violates 7 U.S.C. § 6g, that their failure resulted in losses to the plaintiff that would not otherwise have occurred, and that Chicago, as principal, is responsible for the failure of its agent, Reno, to maintain adequate records.

The defendants argue that there is no private right of action for violation of the record keeping requirements of the Act. Although no case has been found on point, it seems clear that the Act, as amended, does not eliminate previously recognized private rights of action. *Kotz v. Bashe Halsey Stuart, Inc.*, 685 F.2d 1204, 1207–8 (9th Cir.1982). Failure to maintain adequate records, as required by federal statute and regulations promulgated thereun-

der, certainly would be actionable if it were proved, as alleged in the Complaint, that the failure was the proximate cause of damages to the plaintiff. *Cf. Hofmayer v. Dean Witter & Co. Inc.*, 459 F.Supp. 733, 740 (N.D.Cal.1978); *Serpa v. Madda Trading Company*, 503 F.Supp. 178, 179 (E.D. Cal.1980). The defendants' Rule 12(b)(6) motions to dismiss the Fourth Claim for Relief must be denied.

IT IS, THEREFORE, HEREBY ORDERED as follows:

(a) The defendants' motions to dismiss the First Claim for Relief are DENIED;

(b) The defendants' motions to dismiss the Second Claim for Relief are GRANTED without prejudice;

(c) The defendants' motions to dismiss the Fourth Claim for Relief are DENIED; and

(d) The defendants' motions for more definite statements are DENIED as to all five claims for relief.