George **KUHFELDT** and Mary Kuhfeldt, on behalf of themselves and others similarly situated in the United States, Plaintiffs,

v.

**LIBERTY MUTUAL INSURANCE COMPANY** and Liberty Mutual Fire Insurance Company, Defendants.

No. 93–70677.

United States District Court, E.D. Michigan, S.D.

Oct. 8, 1993.

---

Michael J. Hainer and James D. Zazakis, Hainer & Demorest, Troy, MI, for plaintiffs.

F. Peter Blake, Michael P. Donnelly and Blake Kirchner, Detroit, MI, for defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT

GADOLA, District Judge.

Plaintiffs filed a second amended complaint September 28, 1993. On October 1, 1993, defendants filed a motion to dismiss the second amended complaint or in the alternative, motion for summary judgment. Plaintiffs filed a response October 4, 1993.[1] Oral argument was heard October 6, 1993.

### I. Facts

In May 1992, plaintiffs purchased an automobile insurance policy from defendant Liberty Mutual Fire Insurance Company ("Liberty Fire"). The total premium for one year's coverage was $2,148.00. Plaintiffs paid $316.00 to Liberty Fire, with the remaining balance of $1,832.00, subject to a finance charge, to be paid over the ten months that followed. The finance charge was calculated by multiplying 1.25% per month by the unpaid balance resulting in an annual percentage rate of 15%.

Plaintiffs bring this action on behalf of themselves and all those similarly situated. Plaintiffs allege that this agreement, which allowed plaintiffs to pay their premium in monthly installments, constitutes the issuance of credit by defendants[2] and is therefore subject to the provisions of the Truth in Lending Act ("TILA") and Regulation Z. Plaintiffs allege that although the terms of the "Premium Payment Plan Examples," a document provided by defendants, generally describes the imposition of a finance charge in connection with the payment of the entire remaining balance, the defendants "did not provide any specific transaction disclosures relating to the ... payment of the remaining balance of the insurance premium, including, without limitation, the imposition of a finance charge upon the remaining balance to be financed." Plaintiff claims that defendants thereby violated various provisions of the Truth in Lending Act including 15 U.S.C. §§ 1637(a)(2), (a)(3), (a)(7), (b)(7), (b)(10) and 1632(a), and the corresponding Regulation Z provisions.

### II. Standard of Review

Upon a motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6) or 12(c), all allegations in the complaint are to be accepted as true and construed in favor of the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *United States v. Mississippi,* 380 U.S. 128, 143, 85 S.Ct. 808, 816, 13 L.Ed.2d 717 (1965). The court's inquiry is limited to whether the challenged pleadings set forth allegations sufficient to make out the elements of a right to relief. *Windsor v. The Tennessean,* 719 F.2d 155, 158 (6th Cir.1983), *cert. denied,* 469 U.S. 826, 105 S.Ct. 105, 83 L.Ed.2d 50 (1984); *Great Lakes Steel v. Deggendorf,* 716 F.2d 1101, 1105 (6th Cir.1983). The complaint should not be dismissed unless it appears without doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Lee v. Western Reserve Psychiatric Habilitation Ctr.,* 747 F.2d 1062, 1065 (6th Cir.1984).

---

1. The second amended complaint adds as a defendant Liberty Mutual Fire Insurance Company but does not change the substance of the complaint; therefore, for support for their respective positions on the motion to dismiss the second amended complaint, the parties refer the court to the pleadings filed in connection with the motion to dismiss the first amended complaint.

2. The complaint names and refers to "defendants" in the plural. However, plaintiffs allege no facts which would support a finding of wrongdoing on the part of defendant Liberty Mutual Insurance Company, nor do they allege that defendant Liberty Mutual Insurance Company is responsible for the acts of defendant Liberty Mutual Fire Insurance Company.

## III. Analysis

### A. Liberty Mutual Insurance Company, Counts I, II, III and IV.

The insurance policy at issue in this case was issued by Liberty Fire. Plaintiffs do not allege any facts that would support a claim against defendant Liberty Mutual Insurance Company. Therefore, the court shall dismiss Liberty Mutual Insurance Company from this case under Fed.R.Civ.P. 12(b)(6).

### B. Liberty Fire, Counts I and II.

 Counts I and II of plaintiffs' complaint allege that defendants have violated various provisions of TILA and Regulation Z. In order for TILA to apply to a transaction, there must be "credit" issued to a consumer. The issue then is whether the facts alleged by plaintiffs establish that defendants extended credit to plaintiffs.[3]

Under Mich.Comp.Laws Ann. § 500.-3020(1)(a), if the plaintiffs policy was canceled, any unearned premiums would have to be refunded to plaintiffs. If plaintiffs failed to make a monthly payment, their insurance policy would lapse and they would be entitled to a refund on a pro rata basis for any premiums paid for future coverage. Thus, plaintiffs were under no obligation to pay the total yearly premium.

"[C]redit means the right to defer payment of debt or to incur debt and defer its payment." 15 U.S.C. § 1602(e). Regulation Z, issued by the Federal Reserve Board ("FRB"), interprets TILA. 12 C.F.R. § 226.1 *et seq.* Regulation Z provides:

**2(a)(14) Credit.**

**1. Exclusions.** The following situations are *not* considered credit for the purposes of the regulation:

. . . . .

\* Insurance premium plans that involve payment in installments with each installment representing the payment for insurance coverage for a certain future period of time, *unless the consumer is contractually obligated to continue making payments.*

12 C.F.R. § 226, Supp. I, § 226.2, 2(a)(14)(1) (1993) (emphasis added). As defendant points out, the FRB addressed a similar situation in a 1974 public information letter concerning the applicability of Regulation Z to a state-regulated, installment premium automobile liability insurance plan for assigned risk drivers within the State of California. The FRB concluded that TILA does not apply to such a plan, explaining:

Your proposed regulation provides for a rebate in the event of cancellation for non-payment to be computed on a pro rata basis. We interpret this provision to permit an insured to cancel a policy by non-payment and receive a rebate for the unearned portion of the premium previously paid. This staff has consistently taken the position that instalment [sic] insurance premium plans need not contain Truth in Lending disclosures (despite the fact that such plans may involve a higher cost than a single annual premium payment plan), if there is no debt relationship between the insured and the insurer for future premiums. Regulation Z defines credit at § 226.2(1) to mean the "right granted by a creditor to a debtor to defer payment of debt or to incur debt and defer its payment or to purchase property or services and defer payment therefor." Most insurance policies create no legally enforceable obligation on the part of the insured to pay any particular premium; failure to do so merely allows the insurer to cancel the policy ... [P]remiums are payments in advance of the continuation of the policy....

Fed.R.Bd.Pub.Info.Ltr. 809 (May 31, 1974) (interpreting former 12 C.F.R. § 226.2(1)).[4]

---

**3.** Defendants also argue that at least a portion of plaintiffs' claims are barred by the statute of limitations, and that the McCarran–Ferguson Act preempts application of TILA in cases involving insurance premium payment plans. Because the court finds, *infra,* that TILA is inapplicable to the premium payment plan at issue here and, therefore, that plaintiffs have failed to state a claim under TILA, the court need not address the statute of limitations and preemption issues.

**4.** This letter interprets an earlier version of Regulation Z which was superseded in 1981. However, the language of the interpreted section is substantially similar to 15 U.S.C. § 1602(e), which defines credit. The FRB's correspon-

Those courts which have addressed the issue raised by this case have also held that where there is no obligation to continue making payments, there is no credit and TILA is inapplicable. *Munson v. Orrin E. Thompson Homes, Inc.,* 395 F.Supp. 152, 157 (D.Minn. 1974) (unless there exists an underlying debt or an obligation to make full payment, a credit situation does not arise); *Gerlach,* 338 F.Supp. at 647 (no credit relationship where insured had no obligation to continue making payments). Thus, under the facts as plaintiff has alleged them, there was no credit relationship which would subject defendants to compliance with TILA or Regulation Z. Therefore, the court finds that, as to Counts I and II, plaintiffs have failed to state a claim upon which relief can be granted.

### C. Liberty Fire, Counts III and IV.

■ Counts III and IV of plaintiffs' complaint, alleging fraud and unjust enrichment, also fail to state claims upon which relief can be granted.

■ Plaintiffs allege fraud in the alternative; that is, plaintiffs claim that if the agreement with defendants did not constitute an extension of credit, as defendants claim in their motion to dismiss,[5] then defendants misrepresented that such was the case. The elements of fraud under Michigan law are: (1) a false representation of a material fact; (2) which defendant knew or believed to be false; (3) made by defendant with the intention that it should be acted upon by plaintiff; (4) which plaintiff acted upon; and (5) thereby suffered injury for which plaintiff sues. *Eaton Corp. v. Easton Assoc. Inc.,* 728 F.2d 285, 292 (6th Cir.1984).

■ Rule 9(b) requires that fraud claims be plead with particularity: "In all averments of fraud or mistake, the circumstances constituting the fraud or mistake shall be stated with particularity." Fed.R.Civ.Pro. 9(b). Plaintiffs must, at a minimum, allege

the time, place, and contents of the misrepresentation upon which they relied. *Bender v. Southland Corp.,* 749 F.2d 1205, 1216 (6th Cir.1984). Also, the facts misrepresented and what was given up as a consequence of the fraud must be alleged. *Gottreich v. San Francisco Investment Co.,* 552 F.2d 866, 867 (9th Cir.1977).

Plaintiffs' claim of fraud arises solely from their allegation that the defendants' Premium Notices imply that a creditor-debtor relationship, within the meaning of TILA, arose. Plaintiffs state that they "detrimentally relied on Defendants' misrepresentations by entering into the insurance premium financing transaction and by paying the insurance premiums." However, previous to this allegation, plaintiffs indicate that they knew what their monthly premium charge was and that they knew that an extra charge was being assessed for making monthly payments rather than paying the entire premium in advance. What they didn't know was that this arrangement does not fulfill the definition of "credit" under TILA. Thus, assuming defendants did misrepresent that the relationship was one of debtor-creditor when it in fact is not, plaintiffs have failed to make a *prima facie* showing that the misrepresentation went to a *material* fact. The court therefore finds that plaintiffs' allegation of fraud fails to state a claim upon which relief can be granted.

■ Plaintiffs allege in Count IV that, if no credit relationship existed, then defendants were unjustly enriched by the plaintiffs' payment of a finance charge. Unjust enrichment works to imply a contract in order to prevent one party from inequitably receiving and retaining a benefit from another. *In re McCallum Estate,* 153 Mich.App. 328, 335, 395 N.W.2d 258 (1986). Such a contract will be implied only if there is no express contract. *Campbell v. City of Troy,*

---

dence releases are persuasive authority. *Gerlach v. Allstate Ins. Co.,* 338 F.Supp. 642, 648 (S.D.Fla.1972).

**5.** Plaintiffs first amended their complaint to include the fraud and unjust enrichment claims only after defendants filed a motion to dismiss the original complaint. The fraud and unjust

enrichment claims are based on defendants' argument that the agreement between the parties did not constitute a debtor-creditor relationship. Plaintiffs allegations are that, if there was no debtor-creditor relationship, then defendants committed fraud in collecting the finance charge and were thereby unjustly enriched.

42 Mich.App. 534, 537, 202 N.W.2d 547 (1972). There cannot be an express and an implied contract covering the same subject matter at the same time. *Id.* Here, plaintiffs' relationship with their insurer and their agreement to pay a finance charge, were based upon the terms of the premium payment option plan, an express contract. Thus, plaintiffs' Count IV, alleging unjust enrichment, fails to state a claim upon which relief can be granted.

### ORDER

Therefore, it is hereby **ORDERED** that defendants' motion to dismiss the second amended complaint is **GRANTED.**

It is further **ORDERED** that the complaint in the above-titled action is hereby **DISMISSED** with prejudice.

**SO ORDERED.**