OPINION
Defendant-appellant, Equity Land Title Agency ("Equity"), appeals a decision of the Clinton County Municipal Court awarding payment for services rendered by plaintiff-appellee, Brian Gallagher. We affirm.
Gallagher runs a small land survey company, Southwest Ohio Land Surveys, which prepares mortgage location surveys. Equity is a company which performs the preliminary work necessary for a real property transfer. On December 8, 1995 and again on September 4, 1996, Equity called Gallagher to request that he perform a survey. Following each of the telephone calls, Gallagher received faxes from Equity entitled "Title and Survey Order Request." The faxes noted Equity as the "Company Requesting" the survey, named the prospective buyers of the properties, their respective lending institutions, and the location of the property to be surveyed.
Gallagher performed the survey work requested by Equity. However, for reasons not indicated in the record, the sale transactions for the surveyed properties were not completed. After several months of telephone calls and written requests, Equity responded to Gallagher's demands for payment by sending Gallagher a letter informing him that he would not be paid for his surveying services because the sale of the properties never closed.
Gallagher brought suit in the Clinton County Municipal Court seeking payment for services rendered. After a bench trial, the trial court issued a written opinion awarding Gallagher the full amount of his survey services, $280 plus interest and court costs.
On appeal, Equity raises one assignment of error in which it argues that the trial court's decision was contrary to the manifest weight of the evidence. Equity argues that the evidence presented at trial revealed that Equity was merely acting as an agent for the prospective home buyers and/or the lending institutions when Equity requested that Gallagher perform the survey work. Equity further argues that the evidence presented showed that Gallagher knew about the agency relationship and knew the identity of the principals. Therefore, Equity asserts that it cannot be held liable for the services rendered by Gallagher.
In a civil case, a judgment will not be reversed by a reviewing court as being against the weight of the evidence if it is supported by some competent, credible evidence. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80; C. E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279. Further, a reviewing court must give deference to a trial court's findings since the trial judge is in the best position to weigh evidence and assess witness credibility. Id.
To avoid personal liability, an agent must disclose to the party with whom he is dealing both the agency relationship and the identity of the principal. Mark Peterson Dental Laboratory, Inc. v. Kral (1983), 9 Ohio App.3d 163, 164, citing James G. Smith Associates, Inc. v. Everett (1981), 1 Ohio App.3d 118. This disclosure is required regardless of whether the agency relationship was created by an express grant or under a theory of an implied or apparent authority. Master Consol. Corp. v. BancOhio Natl. Bank (1991), 61 Ohio St.3d 570, 576. Whether an agent has disclosed the agency relationship to a party with whom he is dealing is a question of fact. Mark Peterson Dental Laboratory, Inc. at 164.
In the present case, the trial court's determination that Gallagher did not have knowledge that Equity was acting as an agent for the prospective home buyers and/or the lending institutions was supported by competent and credible evidence. Gallagher denied having such knowledge and testified that Equity never disclosed that it was acting as an agent. In addition, the "Title and Survey Order Request" indicated that Equity was requesting Gallagher to perform the survey and did not disclose that Equity was acting as an agent. Finally, Gallagher testified that he had performed many surveys for title companies and Equity was the first to deny responsibility for the payment of his services because they were acting as agents.
In support of its argument, Equity relies upon a similar case in which Equity was sued for unpaid surveying work done precedent to a real estate transaction which failed to close. Bock Clark, Inc. v. Equity Land Title Agency (Apr. 16, 1996), Montgomery C.P. No. 94-1827, unreported. In that case, the Montgomery County Court of Common Pleas found that Equity was not liable to the unpaid surveyor because the surveyor was aware that Equity was only acting as an agent for the prospective purchasers and their lending institutions.
In Boch Clark, the surveyor's knowledge of Equity's status as an agent was supported by the extensive working relationship between the parties, the business customs in Montgomery County, and language in the survey report which indicated that the surveyor had knowledge that Equity was acting as an agent. In contrast, Equity only had a few dealings with Gallagher, Equity failed to offer any evidence of the business customs in Clinton County, and Gallagher's survey report did not contain language indicating that he was aware that Equity was acting as an agent. Thus, the trial court properly determined that since the facts in Boch Clark were distinguishable from the present case, the holding was not persuasive.
Based upon the foregoing, we conclude that competent, credible evidence supported the trial court's determination that Equity failed to disclose that it was acting as an agent. Accordingly, the trial court's decision was not contrary to the manifest weight of the evidence and Equity is liable for the survey work performed by Gallagher. Equity's sole assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.