OPINION
Plaintiff-Appellant, Heiby Oil Co. ("Appellant"), appeals the decision of the Court of Common Pleas of Auglaize County granting summary judgment in favor of Defendants-Appellees, Galen Pence, Alberta Pence, Lynn Pence, and Jill Pence ("Appellees").[1]
For the following reasons, we reverse the judgment of the court below.
The pertinent facts of this appeal are as follows. The Corner Station is a service station located in the village of Waynesfield, Ohio. The Corner Station is owned and operated by Waynesfield Equipment, Inc. ("Waynesfield Equipment"). The Appellees are the officers, directors, and shareholders of Waynesfield Equipment.
Appellant is a vendor of gasoline. The Corner Station made numerous purchases of gasoline from Appellant. The Corner Station's account eventually became overdue and remained unpaid. Therefore, Appellant filed an action to recover the money due on the account. In the trial court below, Appellant attempted to hold the Appellees personally liable for the debt. The court, however, granted the Appellees' motion for summary judgment.
Appellant now appeals, asserting one assignment of error.
Standard of Review for Summary Judgment
In considering an appeal from the granting of a summary judgment, we review the grant of the motion for summary judgment independently and do not give deference to the trial court's determination. Schuch v. Rogers (1996), 113 Ohio App.3d 718, 720. Accordingly, we apply the same standard for summary judgment as did the trial court. Midwest Specialties, Inc. v. Firestone Tire Rubber Co. (1988), 42 Ohio App.3d 6, 8.
Summary judgment is proper when, looking at the evidence as a whole (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence, construed most strongly in favor of the nonmoving party, that reasonable minds could only conclude in favor of the moving party. Civ.R. 56(C); Horton v. Harwick Chemical Corp. (1995), 73 Ohio St.3d 679,686-87. To make this
showing the initial burden lies with the movant to inform the trial court of the basis for the motion and identify those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280,293. Those portions of the record include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action. Civ.R. 56(C).
Having set forth the proper standard of review, we now turn to the merits of Appellant's assignment of error.
Assignment of Error
 The trial court erred as a matter of law when it required that Heiby Oil Co. prove that it could pierce the corporate veil rather than requiring Pence to prove it contracted with Heiby Oil Co. under a disclosed agency.
 Appellant asserts in its sole assignment of error that the trial court erred in granting summery judgment in favor of the Appellees. Specifically, Appellant asserts that a genuine issue of material fact remains to be litigated upon the issue of whether the Appellees contracted with Appellant on behalf of a disclosed principal, and whether Appellant was aware of that agency relationship. For the following reasons, we agree.
It is axiomatic that in order to avoid personal liability, an agent must disclose to the party with whom the agent is dealing (1) the agency relationship, and (2) the identity of the principal. Mark Peterson Dental Laboratory, Inc. v. Kral (1983),9 Ohio App.3d 163, 164. Where an agent acts for a disclosed principal, in the name of such principal, and within the scope of authority, such agent is ordinarily not liable on the contracts the agent makes. James G. Smith Associates, Inc. v. Everett (1981), 1 Ohio App.3d 118, 120. Further, an agent avoids personal liability by conducting himself or herself with third parties in such a way that those persons are aware they are dealing with the principal, not the agent individually. Id. An agent's authority to act on behalf of its principal may be either actual or apparent. Actual authority, sometimes called real authority, may be expressed or implied. Master Consolidated Corp. v. BancOhio Natl. Bank (1991), 61 Ohio St.3d 570, 574.
In the case before us, the trial court held that no genuine issue of material fact remains to be litigated as to whether Appellant had contracted with a disclosed principal, and whether Appellant was aware of that agency relationship. Specifically, the trial court found most conclusive the following evidence. First, many of the purchases of gasoline from Appellant were paid by checks drawn on an account entitled "Waynesfield Corner Station." Second, the Corner Station credit card sales slips which were given to Appellant bear the imprint "WFD Equip[.] Co[.]. Inc[.]."
We agree with the trial court that the foregoing evidence tends to show that Appellant had contracted with a disclosed principal, and that Appellant was aware of that agency relationship. However, a thorough review of the record also reveals evidence to the contrary. For example, David James, Vice-President of Heiby Oil Company, states in his affidavit that neither Lynn Pence, Jill Pence, Galen Pence, or Alberta Pence had ever signed checks in a corporate capacity. The record also reveals six checks drawn on an account entitled "Waynesfield Corner Station" that were signed in an individual capacity by either Alberta Pence or Jill Pence. David James also states in his affidavit that had the company known that the Corner Station was owned by Waynesfield Equipment, personal guarantees would have been procured against the Appellees.
For the foregoing reasons, we find that a genuine issue of material fact remains to be litigated as to whether the Appellees contracted with Appellant on behalf of a disclosed principal, and whether Appellant was aware of that agency relationship. Therefore, the trial court erred in granting summary judgment in favor of the Appellees.[2]
 Accordingly, Appellant's assignment of error is well-taken and is sustained.
Judgment reversed.
BRYANT and WALTERS, JJ., concur.
[1] Galen Pence and Alberta Pence are now deceased.
[2] For the reasons aforementioned, we need not address a "piercing the corporate veil" analysis.