Please note: we have sua sponte removed this case from the accelerated calendar.
 DECISION.
The issue in this appeal is whether defendant-appellant R. Jack Krovocheck is personally liable for payment for legal work performed by plaintiff-appellee Schwartz, Manes Ruby, L.P.A. The work at issue involved two legal matters pertaining to a corporation, R.J.K. Enterprise, Inc., that was controlled by Krovocheck. One matter involved legal work in connection with the possible location of a casino on property owned by R.J.K. Enterprise, Inc. The other matter involved an eminent-domain action with respect to the property.
When Schwartz, Manes Ruby was not paid for its legal work, it brought suit against Krovocheck and his wife. A bench trial was held. Krovocheck argued that he was merely acting as an agent for R.J.K. Enterprise, Inc., when he dealt with Schwartz, Manes 
Ruby, and thus he claimed that he should not be personally liable for the legal fees. He argued that the legal work performed had been on behalf of R.J.K. Enterprise, Inc., as owner of the property, and he pointed out that Schwartz, Manes Ruby had never specifically informed him that he would be personally liable for payment of the fees. But the trial court rejected his argument and held that he had personally contracted with Schwartz, Manes 
Ruby. Accordingly, the court ordered him to pay the legal fees, $166,559.83, plus interest. (The court held that Mrs. Krovocheck was not liable, and this appeal does not involve her.)
In his sole assignment of error, Krovocheck asserts that the trial court's judgment was against the manifest weight of the evidence. In deciding manifest-weight issues, we are not to reverse the trial court if its decision was supported by "competent, credible, evidence going to all the essential elements of the case."[1] Applying that standard, we affirm the judgment of the trial court.
An agent of a corporation is not personally liable for debts of the corporation to third persons only if the agent conducts himself in such a way that the third persons are aware that they are dealing with the corporation, not the agent personally.[2]
If the agent does not disclose his agency, then he or she is personally liable. Here, the record reveals that Schwartz, Manes Ruby had performed legal work in the past for corporations controlled by Krovocheck. Stanley Ruby, a partner in the firm, testified that, for all this past work, Krovocheck personally was viewed as the client, and Ruby testified that he believed that all the past legal fees had been paid by the Krovochecks personally. Similarly, for the legal work at issue here, Ruby testified that he viewed Krovocheck personally as the client. He based this belief on the fact that Krovocheck had not made any representations that he was acting as an agent of the corporation when he entered into the (verbal) agreement with Schwartz, Manes 
Ruby for the legal services. Ruby also testified that Krovocheck was billed individually for the fees, at his home address, and the record reveals that Krovocheck never objected to this billing and never attempted to shift the billing to the corporation.
In view of this evidence, the trial court concluded that Krovocheck had not sufficiently disclosed that he was contracting on behalf of R.J.K. Enterprise, Inc., and thus that he should be personally liable for the fees. In view of our standard of review in this manifest-weight case, and based on the court's factual findings, we affirm the court's judgment. In the first place, it is clear that there was a contract for legal services: Schwartz, Manes Ruby agreed to perform legal work at the request of Krovocheck.[3] And, based on the evidence in the record, the court's conclusion that Krovocheck was personally contracting for these services was supported by competent and credible evidence.[4] Even if Krovocheck subjectively believed that the corporation would be responsible for the legal fees, Krovocheck did not do enough to let Schwartz, Manes Ruby know that such was the case. Thus, the court's judgment was not against the manifest weight of the evidence. Krovocheck's sole assignment is overruled.
Therefore the judgment of the trial court is affirmed.
Judgment affirmed.
 Doan, P.J., and Hildebrandt, J., concur.
Please Note:
The court has placed of record its own entry in this case on the date of the release of this Decision.
[1] C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578, syllabus.
[2] See James G. Smith Assoc., Inc. v. Everett (1981),1 Ohio App.3d 118, 120, 439 N.E.2d 932, 935.
[3] See J. Lewis Madorsky Co., L.P.A. v. R.J. Nolan (N.D.Ohio, 1998), 992 F. Supp. 945, 949 ("A contract for legal services, whether written or oral, is like any other contract. One party requests another party to perform services for which the performing party expects to get paid.").
[4] See, e.g., Mark Peterson Dental Laboratory, Inc. v. Kral
(1983), 9 Ohio App.3d 163, 163-164, 458 N.E.2d 1290, 1291-1292
(personal liability based on the fact that bills were sent to the person, individually, not the corporation, and on the fact that the individual did not shift billing to the corporation).