OPINION
Appellant Trans Global Adjusting Corporation appeals the decision of the Canton Municipal Court, which ruled in favor of Appellee Orthopaedic Care, Inc., in appellee's small claims action involving an unpaid invoice for physician services. The relevant facts leading to this appeal are as follows.
Appellant Trans Global Adjusting Court is engaged in the business of handling workers compensation claims for various employers. On February 1, 2000, appellant sent a letter to the chief physician for Appellee Orthopaedic Care, Inc. requesting an independent medical evaluation and corresponding report regarding Jacqueline Marion, an employee of Omega Home Health Care, one of appellant's clients. The basis of the evaluation was Marion's claim of injury to her right shoulder and impingement tendinitis. The letter to the physician included a request to express an opinion on a number of questions, including the presence of pre-existing conditions and whether the present condition would become chronic. The letter ended with a request to send a copy of the completed medical report and fee bill directly to employer Omega, and to send the original report to Rebecca Sheets, an account representative for Appellant Trans Global. The letter, printed on appellant's letterhead, closed as follows: "Sincerely, TRANS GLOBAL ADJUSTING CORPORATION (Representing: Omega Home Health Care), Rebecca Sheets, Account Representative." The letter was signed by Sheets. Thereafter, the physician's services were completed by appellee and a report was prepared. On April 14, 2000, appellee faxed a copy of the report to Omega.
On July 24, 2000, appellee sent its bill for services, in the amount of $960, directly to the patient, Jacqueline Marion, listing Omega as guarantor.[1] The bill was returned to appellee, at which time appellee contacted appellant. Appellant informed appellee that Omega had gone out of business, but appellant declined to take responsibility to pay the aforesaid bill.
On April 12, 2001, appellee filed a small claims action in municipal court, seeking recovery from appellant for the $960 worth of services. The matter was set for evidence before a magistrate on May 2, 2001, following which the magistrate found that Appellant Trans Global had acted as a disclosed agent for a disclosed principal, Omega, and therefore appellant did not have any responsibility to appellee for the unpaid invoice. On May 11, 2001, appellee filed an objection to the magistrate's decision. A municipal court judge reviewed the matter and sustained the objections, on the grounds that there was insufficient notice of an agency relationship between appellant and Omega. Thus, the magistrate's decision was overruled and judgment was therefore awarded to appellee in the amount of $960, with court costs and interest.
Appellant timely appealed and herein raises the following sole Assignment of Error:
 I. THE COURT ERRED IN SUSTAINING OBJECTIONS TO MAGISTRATE'S REPORT.
A trial court has great discretion in determining whether to sustain or overrule an objection to a magistrate's decision. Remner v. Peshek
(Sept. 30, 1999), Mahoning App. No. 97-CA-98, unreported. The decision to adopt, reject, or modify a magistrate's decision will not be reversed on appeal unless the decision was an abuse of discretion. Wade v. Wade
(1996), 113 Ohio App.3d 414, 419. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
Both the magistrate and the trial judge below applied the long-standing principle that non-disclosure of an agency relationship impacts the liability of an agent in its dealings with other parties. In Dunn v.Westlake (1991), 61 Ohio St.3d 102, the Ohio Supreme Court stated as follows:
 It is well-settled in the law of agency that an agent who discloses neither the existence of the agency nor the identity of the principal is personally liable in his or her contractual dealings with third parties. See, e.g., 1 Mechem, The Law of Agency (2 Ed.1914) 1039-1041, Section 1410. See, generally, Davis v. Harness (1882), 38 Ohio St. 397; and James G. Smith Assoc., Inc. v. Everett (1981), 1 Ohio App.3d 118, 120-121, 1 OBR 424, 427, 439 N.E.2d 932, 935 (where the existence of the agency and the identity of the principal are unknown to the third party, the dealing is held to be between the agent and the third party and the agent is liable). The reason for this rule is simple. The third party who deals with an agent while unaware of the existence of the principal and the agency relationship intends to deal with the agent, and relies upon the agent's ability to perform. * * *.
Id. at 106
Thus, the issue presented is whether the trial court abused its discretion in overruling the magistrate's conclusion, and holding that insufficient disclosure was made of the principal-agency relationship between Omega and Appellant Trans Global. The trial court specifically found as follows in its entry sustaining appellee's objection to the magistrate's decision:
 The Court sustains the Objection to the Report of the Magistrate based on a mistake in law. The Court finds there was not sufficient notice of an agency relationship between defendant and Omega Home Health Care. The letter requesting the services performed by plaintiff was ambiguous as to this relationship. In addition, defendant requested that the original medical report be sent to itself and requested a copy be sent to Omega Home Health Care. Defendant, in its representation of the claim, intended to use plaintiff's report.
Judgment Entry at 2.
In Mark Peterson Dental Laboratory, Inc. v. Kral (1983),9 Ohio App.3d 163, a dental laboratory brought an action against a dentist, Dr. Kral, to recover for work performed by the laboratory. Dr. Kral unsuccessfully argued that he had contracted with the lab as an agent for a corporate entity, Bruce M. Kral, D.D.S., Inc. The Ninth District Court of Appeals noted: "For Kral to avoid personal liability for the work done by the laboratory, he was required to convince the trial court that he acted in an agency capacity for Dr. Bruce M. Kral, D.D.S., Inc., and not in his individual capacity." Id. at 164. The Court concluded that there was insufficient evidence to find Kral affirmatively disclosed his agency status. Id.
Likewise, we hold that once Appellant Trans Global's letter in the casesub judice established the existence of a request to appellee for a medical review, the burden fell upon appellant to show the trial court that it had acted in an agency capacity for Omega. Here, despite the billing information and the afore cited use of the term "representing" in the closing language of its letter, appellant simultaneously wrote, interalia: "Therefore, we are asking that you review the medical information attached, interview the claimant, and examine the claimant to give us
your professional medical opinion." (Emphasis added.) Additionally, as the trial court specifically cited, appellant asked for the original report, and only directed that a copy of same go to Omega. In light of such ambiguities under these facts, we do not find that the trial court, in ruling on appellee's Civ.R. 53 objections, acted in an unreasonable, arbitrary or unconscionable fashion in determining that appellant did not sufficiently disclose its asserted agency status.
Appellant's sole Assignment of Error is overruled.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Canton Municipal Court, Stark County, Ohio, is affirmed.
Costs to appellant.
Hon. John W. Wise, J., Hon. Sheila G. Farmer, J. concurs. Hon. William B. Hoffman, P. J. dissents.
[1] Appellee indicates that it also sent the bill to Omega.