OPINION
{¶ 1} Appellant C-Z Construction and Development Co. appeals the ruling of the Mahoning County Court of Common Pleas which granted Appellee Gene Russo's motion for summary judgment. The record reveals that there are material facts in dispute in this case. Thus, the decision of the trial court is reversed.
 {¶ 2} Appellant filed a Complaint on Account in the Mahoning County Court of Common Pleas on March 11, 2002. Appellant alleged that Appellee purchased certain materials and services on account from 2001-2002 and did not pay for those items. Appellant demanded judgment of $4,735.00, plus interest.
 {¶ 3} On May 1, 2002, Appellee filed a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim. Appellee alleged that he was a shareholder and business partner in a corporation known as GRPL Enterprises, Inc. ("GRPL"), engaged in the business of residential and commercial real estate development. Appellee alleged that any dealings he had with Appellant were in his capacity as business manager of GRPL. Appellee attached a one-page affidavit to the motion, attesting that his communications with Appellant's business were in a representative capacity as business manager of GRPL.
 {¶ 4} On May 14, 2002, Appellant filed a Memorandum in Opposition to Motion to Dismiss. Appellant noted that Appellee's motion should be treated as a motion for summary judgment because he presented matters outside the pleadings and attached evidence consistent with a Civ.R. 56 motion for summary judgment. Appellant also filed the affidavit of Elaine J. Martin, the controller of C-Z Construction and Development Co. Ms. Martin stated that Appellee was individually listed as one of Appellant's customers since June 2001, and had never indicated that he should be billed in any other capacity than as an individual. Appellant argued that there were material facts in dispute and that Appellee's motion should not be granted.
 {¶ 5} On July 22, 2002, the trial court ruled on Appellee's motion to dismiss. The court determined that the motion would be treated as a Civ.R. 56 motion for summary judgment. The court determined that Appellant did not present evidence to support an essential element of its claim. The court sustained Appellee's motion for summary judgment.
 {¶ 6} On August 20, 2002, Appellant filed this appeal.
 {¶ 7} Appellant's sole assignment of error asserts:
 {¶ 8} "The trial court erred in granting defendant-appellee's motion for summary judgment on the basis that plaintiff did not make a showing sufficient to establish a genuine issue of material fact with regard to the existence of an element essential to the parties' case."
 {¶ 9} Appellant argues that Civ.R. 56 placed a burden on Appellee to prove that there were no genuine issues of material fact that would prevent the court from granting summary judgment in his favor, citingDresher v. Burt (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. Appellant contends that the non-moving party is then required to respond, if the moving party has met its burden. Appellant argues that any evidence must be viewed in a light most favorable to the non-moving party, which in this case is Appellant. Appellant contends that Appellee filed an affidavit that raised a factual question about whether a corporation, rather than Appellee as an individual, was responsible for the debt. Appellant then submitted an affidavit from its controller, Ms. Martin, presenting facts to support its claim that Appellee was acting in an individual capacity and not in a corporate capacity. Appellant concludes that these opposing material facts do not support the trial court's decision to grant summary judgment to Appellee.
 {¶ 10} Appellee argues that the proper defendant in this case is a corporation, GRPL. Appellee attempts to introduce new evidence on appeal that was not presented as part of his motion for summary judgment. The only evidence presented in support of his defense was a one-page affidavit containing one relevant sentence:
 {¶ 11} "That at all times I have corresponded and/or communicated, if at all, with the Plaintiff in this action within a representative capacity as a business manager for the corporation known as GRPL Enterprises, Inc." (4/30/02 Affidavit.)
 {¶ 12} There is no other evidence on record of the existence of a corporate identity, such as canceled checks, a course of dealing, delivery of goods to a corporation, or notice to Appellant that the purchases were on behalf of a corporation. Appellee could have presented this type of evidence as part of his motion for summary judgment, but did not. Although Appellee asserts these facts in his responsive brief on appeal, these facts are not part of the record on appeal.
 {¶ 13} Appellee argues that Appellant was required to aver that the purchases were for Appellee's personal use. Appellee does not state any rule of law which would have required this of Appellant. Appellant's complaint simply alleges a debt owed by an individual. There are very few facts which must be alleged to constitute a claim for money owed on account: the defendant's name and address, the amount owed, and the period of time the debt accrued. Columbia Gas of Ohio, Inc. v. Robinson
(1995), 81 Ohio Misc.2d 15, 17, 673 N.E.2d 701. It was up to Appellee to raise any and all defenses to such a claim, including the defense that he was acting as an agent for a corporation. Appellant was not required to alert Appellee to that defense, even if Appellant had been aware of it.
 {¶ 14} Appellee contends that the address listed on the account is both his home address and the corporate address, and that this fact somehow supports his motion for summary judgment. We have found no evidence in the record of any corporate address. Furthermore, Appellee's admission that the bills were sent to his home address is a strong reason to deny his motion for summary judgment because it corroborates Appellant's contention that Appellee was personally liable for the debt. One would expect a personal invoice to be mailed to a personal address.
 {¶ 15} Appellee argues that all prior payments had been made by corporate check, but such evidence is not in the record. Even if Appellee were correct, this evidence would only raise a competing inference to Appellant's evidence and would not provide a basis for summary judgment.
 {¶ 16} Appellee cites Alpha Concrete Corporation v. DiFini (Jan. 10, 1985), 8th Dist. No. 48390, for the proposition that a corporate employee is not personally liable for a corporate debt without some showing that the employee personally ordered or consented to the ordering of the goods or services. Alpha Concrete was decided after a full trial and is not directly applicable to the resolution of a motion for summary judgment, but we agree its general legal principles are helpful for the case now under review. In Alpha Concrete, the plaintiff brought suit personally against Mr. DiFini, President of DiFini Cement Contractors, Inc., to recover for concrete sold and delivered on account. The account was listed under John DiFini on Alpha Concrete's ledger, and the invoices were sent to him at his personal residence. All payments to Alpha Concrete were made by check drawn on a corporate account with the name DiFini Cement Contractors, Inc., printed on the checks. Alpha Concrete asserted at trial that the main issue was whether the corporation was an undisclosed principal. Alpha Concrete asserted that it was not aware that Mr. DiFini was working for a corporation. Mr. DiFini, on the other hand, asserted that Alpha Concrete knew, or should have known, that it was dealing with the corporation.
 {¶ 17} The Eighth District Court of Appeals resolved the case based on agency/principal law. The court cited James G. Smith Associates, Inc. v. Everett (1981), 1 Ohio App.3d 118, 120, 439 N.E.2d 932, for the following propositions:
 {¶ 18} "When a person incorporates his business and proceeds to conduct business on behalf of the corporation, he is acting as an agent for the corporation. But like any other agent, he may still incur personal liabilities. Thus, he will avoid personal liability for debts of the corporation only if he complies with the rules which apply in all agency relationships — he must so conduct himself in dealing on behalf of the corporation with third persons that those persons are aware that he is an agent of the corporation and it is the corporation (principal) with which they are dealing, not the agent individually."
 {¶ 19} Alpha Concrete also cited Mark Peterson Dental Laboratory,Inc. v. Kral (1983), 9 Ohio App.3d 163, 458 N.E.2d 1290, for the following rule:
 {¶ 20} "In order to avoid personal liability, the agent must disclose to the party with whom he is dealing (1) the agency relationship, and (2) the identity of the principal. If disclosure is not made, the agent may be held liable for contracts entered into in his own name."
 {¶ 21} The Alpha Concrete court held that, "[t]he issue of whether or not an agency relationship and the identity of the principal were disclosed or known to a third party is a question of fact." AlphaConcrete, 8th Dist. No. 48390 at 2. Ultimately, the court found that Alpha Concrete should have been on notice it was dealing with a corporate client because all payments were made using corporate checks. Id. It found that there was no evidence showing that Mr. DiFini personally ordered any concrete from Alpha Concrete, or had personally authorized the purchases. The appellate court found no evidence that Mr. DiFini consented to personal liability on the debt. Based on the facts presented at trial, the court determined it could not hold Mr. DiFini personally liable merely because Alpha Concrete's accounting department listed Mr. DiFini as the debtor in a personal capacity. Id. "For this Court to permit a finding of personal liability on the basis of that evidence alone would, in effect, permit a seller's bookkeeper to bind an individual employee of a corporate buyer as guarantor of the buyer's corporate liabilities, without obtaining the consent of the affected individual employee." Id.
 {¶ 22} The analysis in Alpha Concrete is consistent with the general rule that an agent is personally liable for contracts entered into on behalf of an undisclosed, fictitious or nonexistent principal. Restatement of the Law 2d, Agency (1958), Section 332; IllinoisControls, Inc. v. Langham (1994), 70 Ohio St.3d 512, 524-525;639 N.E.2d 771. An agent must disclose that he is acting as an agent.Summer v. French (1996), 115 Ohio App.3d 101, 103, 684 N.E.2d 739.
 {¶ 23} The rules set forth in Alpha Concrete all apply to the case at bar, but do not lead to the conclusion that summary judgment was proper. Appellee did not allege, much less prove, the elements of his defense that he was only acting in an agency capacity. He did not allege or prove that he properly disclosed his agency capacity, that he identified the principal, and he neither confirmed nor denied having personally ordered the goods and services from Appellant. He did not provide canceled checks or other documentary evidence to establish his defense. Furthermore, even if he had presented all these facts, it would provide conflicting, but not compelling, evidence in opposition to Appellant's contention that it had a course of dealing with Appellee on an individual basis. In short, it would raise an issue of material fact.
 {¶ 24} The case at bar is more akin to Cleveland ImportedGroceries and Wines v. Mueller (Sept. 21, 2000), 8th Dist. No. No. 77589. This case is also from the Eighth District Court of Appeals and cites to Alpha Concrete, discussed above. Cleveland Imported Groceriesand Wines involved a complaint on account in which the seller was granted summary judgment against Mr. Mueller. Mr. Mueller denied personal liability and claimed that a corporation was liable for the debt. Both parties submitted motions for summary judgment. The seller submitted evidence that Mr. Mueller personally opened the charge accounts, that credit was extended to Mr. Mueller personally, that no credit was requested by or established with the corporation, and that invoices were faxed to Mr. Mueller. The seller also averred that it was unfamiliar with the corporation. Mr. Mueller produced evidence that Newerco, Inc., established a business relationship with the seller, that it was a valid Ohio corporation, that all supplies were ordered by employees of Newerco, Inc., and that he was never an owner, officer or employee of the corporation. He also produced canceled checks paid to the seller drawn from the corporate account.
 {¶ 25} Based on the evidence presented in the opposing motions for summary judgment, the Eighth District Court of Appeals held:
 {¶ 26} "There appears to be no evidence on this record as to who ordered the food products periodically from Zannoni's or what the course of dealing was between Geppetto's and Zannoni's. Furthermore, defendant Mueller does not specifically deny or contradict that he opened the Geppetto's accounts, nor does he deny that he received faxes of the invoices. Based on this state of the record, it cannot be conclusively determined whether Zannoni's was selling on Newerco's credit or Mueller's credit. We find that disputed issues of material fact remain, which make summary judgment for either party inappropriate." Id. at 3.
 {¶ 27} Just as in Cleveland Imported Groceries and Wines, the case before us presents conflicting evidence relating to whether or not Appellee initiated the purchases in a personal capacity or disclosed that he was acting as an agent of a corporation. The conflicting and incomplete evidence renders summary judgment inappropriate in this case.
 {¶ 28} Given the competing facts in the record, summary judgment should not have been granted. Appellee presented a possible defense to Appellant's claim, but the mere assertion that Appellee was a business manager for a corporation does not necessarily mean that he was acting in that capacity when he purchased Appellant's goods and services. Appellee did not present any other evidence in support of his motion for summary judgment, and Appellant successfully countered that evidence. We hereby sustain Appellant's assignment of error and the decision of the trial court is reversed. This case is remanded for further proceedings according to law and consistent with this Court's opinion.
Vukovich and DeGenaro, JJ., concur.