**COLUMBIA GAS OF OHIO, INC.**

v.

**ROBINSON.**

Toledo Municipal Court, Lucas County, Ohio.

No. CVF–95–06074.

Decided Aug. 8, 1995.

*Naomi Hokky,* for Columbia Gas of Ohio, Inc.

*Joseph P. Sheehy,* for Angelo Robinson.

THOMAS J. OSOWIK, Judge.

The court finds that this matter comes before the court for determination of the defendant's motion for more definite statement.

Upon review of the pleadings, the court finds that on April 28, 1995, the plaintiff filed a complaint against the defendant in which it is alleged that the defendant owes the plaintiff the sum of $1,870.88 on an account. Attached to the complaint is an exhibit referred to as "Credit Data Page 1." This exhibit contains the defendant's name, a street address and a "credit year" of 1991.

The defendant moves this court to compel the plaintiff to file a more definite statement, pursuant to Civ.R. 12(E).

That rule states as follows:

"(E) Motion for definite statement. If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a definite statement before interposing his responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within fourteen days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just."

The standard for granting a motion for a more definite statement is whether the complaint is so vague that a party cannot reasonably be required to frame a responsive pleading. *McDougall v. Donovan* (N.D.Ill.1982), 552 F.Supp. 1206. Further, Civ.R. 12(E) is designed to strike at unintelligibility, rather than want of detail. Hence, a motion for a definite statement should not be granted to require evidentiary detail that may be the subject of discovery. *Woods v. Reno Commodities, Inc.* (D.Nev.1984), 600 F.Supp. 574.

While the defendant desires more specific information concerning the account, in so arguing, however, the defendant has failed to acknowledge that the Ohio Civil Rules require "notice pleading" rather than "fact pleading." *Salamon v. Taft Broadcasting Co.* (1984), 16 Ohio App.3d 336, 338, 16 OBR 385, 387, 475 N.E.2d 1292, 1295. "Notice pleading" under Civ.R. 8(A) and 8(E) merely

requires that a claim concisely set forth only those operative facts sufficient to give "fair notice of the nature of the action." *DeVore v. Mut. of Omaha Ins. Co.* (1972), 32 Ohio App.2d 36, 38, 61 O.O.2d 21, 22, 288 N.E.2d 202, 203. Except in very narrow circumstances, such as fraud, a plaintiff is not required to plead the operative facts of his or her case with particularity. *York v. Ohio State Hwy. Patrol* (1991), 60 Ohio St.3d 143, 145, 573 N.E.2d 1063, 1065. A plaintiff is not required to prove his or her case at the pleading stage. *Asefi v. Ellet Neon Sales & Serv., Inc.* (Apr. 5, 1995), Summit App. No. 16931, unreported, 1995 WL 149222.

In reviewing the complaint and attached exhibit, contrary to the defendant's argument, the plaintiff's complaint does contain sufficient facts to put him on notice as to the plaintiff's claims. They allege the address of service, the year, and amount outstanding. The plaintiff filed its complaint based upon an outstanding account. The allegations contained in the complaint and attached exhibit are sufficient to allow the defendant to answer the complaint.

Based upon these findings of fact and conclusions of law, the defendant's motion for a more definite statement is found not well taken and DENIED.

The defendant is granted until *September 7, 1995* to file an answer or other responsive pleading to the complaint of the plaintiff.

*Motion denied.*