JOURNAL ENTRY AND OPINION
{¶ 1} Brenda Brown brings this appeal asserting that the trial court erred in dismissing her complaint for want of prosecution. After a thorough review of the arguments presented and for reasons stated below, we affirm the findings of the trial court.
 {¶ 2} The incident that gave rise to the appellant's complaint alleging sexual harassment and retaliation occurred in August 2003, when Nick Carter allegedly made gestures toward his genital area while making lewd comments to her. In August 2004, about a year after the appellant had filed her complaint against Carter, Howard Zallar allegedly approached her and said that "things could get real nasty for [her]" if she continued to pursue action against Carter.
 {¶ 3} The appellant's complaint was initially filed on September 3, 2004 against Professional Transportation, Inc., Nick Carter, Howard Zallar, Norfolk Southern Railway Company, and United Professional and Service Employees Union Local 1222 (herein "Local 1222"). Local 1222 subsequently filed a motion for a more definite statement, citing that the complaint did not specify a cause of action.
 {¶ 4} On November 26, 2004, the trial court issued an order requiring the appellant to file an amended complaint by December 17, 2004; however, she failed to do so. In response, on December 22, 2004, Local 1222 filed a motion to strike the appellant's complaint. On January 7, 2005, the appellant filed her first amended complaint; however, the amended complaint still failed to comply with the requirements set forth in the trial court's order of November 26, 2004. As a result, the trial court sanctioned the appellant in the amount of $300 and again requested that she file an amended complaint by a new deadline of January 28, 2005. In addition, the trial court informed the appellant that failure to file an amended complaint by the specified date would result in the dismissal of her case. The appellant again failed to file an amended complaint by the specified date; she instead submitted an amended complaint three days after the court-ordered date. As a result of the appellant's failure to comply with the mandates of the court, her complaint was dismissed.
 {¶ 5} The appellant now presents this appeal citing two assignments of error for our review.
 {¶ 6} "I. The court abused its discretion by dismissing the case for want of prosecution."
 {¶ 7} Here, the appellant argues that the trial court abused its discretion when it dismissed her case for want of prosecution. More specifically, she asserts that, pursuant to Civ.R. 8(A), she adequately set forth a claim for relief in her original complaint as well as in the amended complaint.
 {¶ 8} Civ.R. 8(A) mandates that a proper complaint should contain "a short and plain statement of the claim showing that the party is entitled to relief and a demand for judgment for the relief to which the party claims to be entitled."
 {¶ 9} The appellant argues that the complaints she filed with the trial court were in conformity with the requirements of Civ.R. 8(A), and the trial court's failure to so hold constituted an abuse of discretion. This court cannot agree with the appellant's contentions.
 {¶ 10} To constitute an abuse of discretion, the ruling must be more than legal error; it must be unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 50 OBR 481,450 N.E.2d 1140. "The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations." State v. Jenkins (1984), 15 Ohio St.3d 164, 222, quoting Spalding v. Spalding (1959), 355 Mich. 382, 384-385. In order to have an abuse of that choice, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. Id.
 {¶ 11} Both the appellant's first complaint and her amended complaint failed to contain a short and plain statement showing that she was entitled to relief. Her complaint listed five defendants; however, she failed to identify which of the five defendants was her employer. Her complaint alleged sexual harassment and retaliation; however, she failed to specify which of the defendants were being sued for which counts. She also neglected to provide details regarding the retaliation she allegedly experienced. These omissions go directly to the issue of relief. It is clear that her complaint did not make the proper showing that she was, in fact, entitled to relief.
 {¶ 12} In addition to her failure to comply with the requirements of Civ.R. 8(A), the appellant also failed to comply with the trial court's mandates to file a conforming complaint by a specific deadline. In the trial court's original order, it requested that the appellant file an amended complaint by December 17, 2004; however, she failed to meet that deadline. She did file an amended complaint on January 7, 2005, well after the court ordered deadline; however, the trial court held that the amended complaint still did not fit within the requirements of Civ.R. 8(A) and sanctioned the appellant $300 for her failure to file a proper complaint. The trial court gave the appellant an additional opportunity to file an amended complaint by a new deadline of January 28, 2005; but, once again, the appellant failed to adhere to the order of the court, filing her amended complaint on January 31, three days after the court ordered date.
 {¶ 13} It is clear from the appellant's actions that, in spite of the consideration given to her by the trial court, she continued to disregard the court's filing deadlines. It is also clear that the appellant failed to file a complaint in conformity with Civ.R. 8(A), despite the leniency afforded her by the trial court.
 {¶ 14} We find that the trial court did not abuse its discretion when it dismissed the appellant's complaint for want of prosecution. In light of the facts, it is clear that the trial court's actions were neither unreasonable, arbitrary nor unconscionable. Thus, the appellant's first assignment of error is without merit.
 {¶ 15} "II. The decision of the court was contrary to law."
 {¶ 16} In her second assignment of error, the appellant asserts that the trial court abused its discretion in dismissing her case for want of prosecution, pursuant to Civ.R. 41(B)(1), which states in pertinent part:
 {¶ 17} "[W]here the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."
 {¶ 18} The appellant argues that the trial court erroneously applied Civ.R. 41(B)(1) and, in so doing, abused its discretion. This court cannot agree.
 {¶ 19} The appellant cites Tolkes Son, Inc. v. Midwestern Indemn.Co. (1992), 65 Ohio St.3d 612, 632, as support for her position that the trial court erred when it dismissed her case for want of prosecution. However, Tolkes does not provide the necessary support and, in fact, serves as precedent for the position that the trial court did not err when it dismissed her complaint for want of prosecution. Tolkes
states that Civ.R. 41(B)(1) is "reserved for those cases in which the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute or obey a court order." Tolkes Son, Inc.v. Midwestern Indemn. Co., supra.
 {¶ 20} It is clear from the language of the appellant's complaint, as well as her failure to comply with the requirements of Civ.R. 8(A) and the court ordered filing deadlines, that her actions warranted dismissal for want of prosecution. The appellant's disregard for the time lines and procedures of the court was irresponsible and served as substantial grounds for dismissal for failure to obey a court order.
 {¶ 21} In accordance with Civ.R. 41(B)(1), as well as the holding of the Ohio Supreme Court in Tolkes, the trial court did not abuse its discretion in dismissing the appellant's complaint.
The appellant failed to comply with the mandates of the court, and, as a result, her case was dismissed; therefore, the trial court's actions were neither unreasonable, arbitrary nor unconscionable. The appellant's second assignment of error is without merit.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., J., and Corrigan, J., Concur.