DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal of a judgment of the Erie County Court of Common Pleas which granted appellees Richard Lynch and Thomas J. Stoll's motion to dismiss and denied appellant Orpha McGee's subsequent motion for reconsideration. For the reasons that follow, we affirm. *Page 2 
 {¶ 2} The relevant facts are as follows. On May 1, 2000, appellant and her sister, Dorothy Tolbert,[1] filed a complaint against appellees-attorneys who had represented appellant and Tolbert in a probate matter involving their mother's estate. The rambling 12 page complaint alleged some form of legal malpractice.
 {¶ 3} On June 2, 2000, appellee Stoll filed a motion for a more definite statement pursuant to Civ.R. 12(E).
 {¶ 4} On February 6, 2006[2], the trial court granted appellee Stoll's motion for a more definite statement. The trial court ordered that appellant more definitely state her alleged cause of action to identify the date and nature of activities complained against appellees, the alleged standard of legal practice that was breached, and the damages allegedly suffered. The trial court ordered that the statement be filed within 14 days after notice of the order.
 {¶ 5} The trial court granted appellant's motion for extension to file an amended complaint on or before February 28, 2006. Appellant filed a 17 page amended complaint on the extended deadline date of February 28, 2006.
 {¶ 6} On April 10, 2006, appellee Lynch filed another motion for a more definite statement based on appellant's latest amended complaint. Appellee Stoll joined this motion. On May 3, 2006, appellant filed what could be considered a "preemptive" motion for leave to file another amended complaint, on or before May 19, 2006. The trial *Page 3 
court granted appellant that leave. However, this deadline passed without appellant filing an amended complaint. Instead, on May 24, 2006, appellant filed another motion for extension to file an amended complaint on or before May 31, 2006. Again, the trial court granted the requested extension.
 {¶ 7} Once again, the extended deadline for filing an amended complaint passed. On June 7, 2006, appellee Stoll filed a motion to strike appellant's complaint and/or dismiss for want of prosecution.
 {¶ 8} Undaunted, on June 23, 2006, appellant filed a motion for a second extension to file an amended complaint on or before June 28, 2006. In support, appellant's counsel explained:
 {¶ 9} "This Counsel's 98 Ford Contour recently went kerplunk, and then this Counsel unwisely, then purchased a Saturn stick shift, but now finds that he can't operate that, and that superimposed on everything else, and has created delays; * * * and at 90 [years of age] that's what happens."[3]
 {¶ 10} Before a ruling on this latest motion for extension was issued, on June 27, 2006, appellant filed a motion for leave to file a second amended complaint. Appellee Stoll filed an opposition brief. *Page 4 
 {¶ 11} On July 27, 2006, the trial court found appellee Stoll's June 7, 2006 motion well-taken and ordered that the case be dismissed with prejudice and that appellant's motion for leave to file a second amended complaint was denied.
 {¶ 12} On August 10, 2006, the trial court denied appellant's motion for reconsideration without holding a requested oral hearing.
 {¶ 13} Appellant asserts the following assignments of error:
 {¶ 14} "ASSIGNMENT OF ERROR NO. I
 {¶ 15} "A TRIAL COURT IN CONSIDERING A MOTION FOR A DEFINITE STATEMENT IN AN ACTION FOR DAMAGES FROM ATTORNEYS WHOSE NEGLIGENCE AND WANT OF DUE CARE IN VARIOUS SPECIFIED FACTUAL CASES, SHOULD NOT DISMISS THE ACTION WITH PREJUDICE, WHERE A FACT READING OF THE ALLEGATIONS SHOWS NOTICE AND FACTUAL ALLEGATIONS, WHICH CREATE QUESTIONS OF FACT FOR A JURY; WHERE THE DEFENDANTS HAVE NOT MADE SPECIFIC ACCUSATIONS OF LANGUAGE SHOWING UNINTELLIGIBILITY, OR UNCLEAR ALLEGATIONS OF LACK OF DUE CARE NOR VIOLATIONS OF DUTIES BY THE DEFENDANT LAWYER.
 {¶ 16} "ASSIGNMENT OF ERROR NO. II
 {¶ 17} "THE TRIAL COURT PREJUDICIALLY ERRED IN NOT HOLDING A HEARING ON PLAINTIFFS' RULE 60(B) MOTION FOR RECONSIDERATION, FILED AUGUST 3, 2006.[sic] WELL WITHIN THE 30 DAY TIME FOR APPEAL." *Page 5 
 {¶ 18} In appellant's first assignment of error, appellant claims that the trial court "acted too soon" in dismissing her case. Appellees contend that appellant's repeated failure to comply with the mandates of Civ.R. 8(A) and the trial court's order for a more definite statement demonstrate that the trial court did not abuse its discretion.
 {¶ 19} "Civ.R. 8(A) mandates that a proper complaint should contain `a short and plain statement of the claim showing that the party is entitled to relief and a demand for judgment for the relief to which the party claims to be entitled.'" Brown v. Professional Transportation,Inc., 8th Dist. No. 86088, 2005-Ohio-6352, ¶ 8.
 {¶ 20} In turn, Civ.R. 12(E) provides:
 {¶ 21} "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a definite statement before interposing his responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within fourteen days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just."
 {¶ 22} Finally, Civ.R. 41(B)(1) provides that when a plaintiff "fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, upon notice to the plaintiffs counsel, dismiss an action or claim." The decision to dismiss a case pursuant to Civ.R. 41(B)(1) is within the sound discretion of the trial court. Quonset Hut, Inc. v. Ford Motor Co. (1997),80 Ohio St.3d 46, 47. An abuse of discretion connotes more than an error of law or of judgment; it implies an *Page 6 
unreasonable, arbitrary, or unconscionable attitude on the part of the court. Pembaur v. Leis (1982), 1 Ohio St.3d 89, 91 (citation omitted). Even though a heightened scrutiny is employed when reviewing a dismissal with prejudice, the action of the trial court will be affirmed when "`the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute or obey a court order.'" Tokles Son, Inc. v. Midwestern Indemn. Co. (1992), 65 Ohio St.3d 621, 632, quoting Schreiner v. Karson (1977), 52 Ohio App.2d 219, 223.
 {¶ 23} Appellant cites Sazima v. Chalko (1999), 86 Ohio St.3d 151, andColumbia Gas of Ohio, Inc. v. Robinson (1996), 81 Ohio Misc.2d 15 in support of her appeal. However, we agree with appellees that bothSazima and Robinson are distinguishable from the instant case. InSazima, the court found that the appellant timely complied with the trial court's last order for a more definite statement. InRobinson, the court found that the allegations contained in the complaint and an attached exhibit were sufficient to put the defendant on notice as to the plaintiffs claims, and therefore, the defendant's motion for a more definite statement was denied.
 {¶ 24} We find that the present case compares closely to Brown v.Professional Transportation, Inc., 8th Dist. No. 86088, 2005-Ohio-6352. Similar to Brown, appellant's failure to comply with the requirements of Civ.R. 8(A) and the court ordered filing deadlines warranted dismissal for want of prosecution pursuant to Civ.R. 41(B)(1). In its February 6, 2006 order, the trial court required that appellant identify the date and nature of activities complained against appellees, the alleged standard of legal practice that was breached, and the damages allegedly suffered. Appellant repeatedly failed to do *Page 7 
so. The one amended complaint appellant did file by an extended deadline on February 28, 2006, failed to address the deficiencies noted by the trial court in its February 6, 2006 order.
 {¶ 25} Further, in its order, the trial court specifically notified appellant that failure to comply with the order would result in the trial court striking appellant's complaint. Thereafter, appellant missed two deadlines imposed for filing an amended complaint. Further, to add to the confusion, appellant continued to file for more extensions and leaves to file amended complaints. As in Brown, appellant's disregard for the time lines and procedures of the court was irresponsible and served as substantial grounds for dismissal for failure to obey a court order. The trial court did not abuse its discretion in dismissing the appellant's complaint. Appellant's first assignment of error is not well-taken.
 {¶ 26} Regarding appellant's second assignment of error, initially, we note the mixed nature of appellant's August 3, 2006 motion, titled "PLAINTIFFS' MOTION FOR RECONSIDERATION UNDER RULE 54(B)(C) OR RULE 60(B); AND FOR ORAL HEARING HEREON." It can be viewed as asserting three alternate bases for revising the July 27, 2006 order of dismissal: reconsideration; Civ.R. 54(B); and Civ.R. 60(B). We will address each in turn.
 {¶ 27} As the trial court noted in its order denying appellant's motion for reconsideration, motions for reconsideration by a trial court are only permissible to obtain relief from a non-final order. A motion for reconsideration by the trial court of an order of dismissal with prejudice pursuant to Civ.R. 41(B)(1) is a nullity. The trial court's *Page 8 
order dismissing appellant's complaint with prejudice operated as an adjudication upon the merits or a final order, not an interlocutory order. Civ.R. 41(B)(3). Only interlocutory orders are subject to motions for reconsideration by the trial court. Pitts v. Dept. ofTransportation (1981), 67 Ohio St.2d 378, footnote one; Barnhisel v.Barnhisel, 6th Dist. No. WD-06-024, 2007-Ohio-446, ¶ 15-17.
 {¶ 28} Regarding Civ.R. 54(B), appellant's motion cannot be viewed as properly invoking that rule as requesting "revision" of a judgment as to fewer than all the claims or parties. The trial court's dismissal order disposed of all the claims and parties. Thus, Civ.R. 54(B) is not applicable. See Johnson v. Hilltop Basic Resources, Inc. (May 12, 2000), 2d Dist. No. 99-CA-99
 {¶ 29} The only basis left to consider is the Civ.R. 60(B) aspect of appellant's motion. Assuming arguendo, that appellant's motion was one for relief from judgment under Civ.R. 60(B), it is well settled that such a motion is left to the sound discretion of the trial court, and the court's ruling will not be disturbed absent a showing of abuse of discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77. An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 30} Generally, in order to prevail on a motion for relief from judgment, pursuant to Civ.R. 60(B), a movant must demonstrate "that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion *Page 9 
is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec, Inc. v.ARC Industries, Inc. (1976), 47 Ohio St.2d 146, at paragraph two of the syllabus, and Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17,20. Although a party need not demonstrate ultimate success on the merits, the movant must provide the trial court with operative facts that would constitute a meritorious defense if found to be true.Fouts v. Weiss-Carson (1991), 77 Ohio App.3d 563, 565.
 {¶ 31} Regarding a hearing, a trial court abuses its discretion by failing to conduct a hearing where the movant alleges operative facts which would warrant relief under Civ.R. 60(B). Society Natl. Bank v. ValHalla Athletic Club Recreation Ctr., Inc. (1989), 63 Ohio App.3d 413,418, citing Adomeit v. Baltimore (1974), 39 Ohio App.2d 97. However, where the motion is adequately supported by affidavits and exhibits, an oral hearing is not required. Society Natl. Bank, citing Matson v.Marks (1972), 32 Ohio App.2d 319.
 {¶ 32} In this case, the trial court had ample evidence before it to determine the motion without the need to conduct a hearing. Further, we believe, based on our disposition of appellant's first assignment of error, that appellant failed to allege operative facts which would entitle her to the relief requested. Appellant's counsel cited factors such as his age and car trouble as reasons for the delays in filing amended complaints. The trial court did not abuse its discretion in denying appellant's Civ.R. 60(B) motion without an oral hearing. Appellant's second assignment of error is not well-taken. *Page 10 
 {¶ 33} On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App .R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Arlene Singer, J. CONCUR.
[1] According to appellant's brief, Dorothy Tolbert is now deceased and her heirs decided not to continue pursuing the instant action.
[2] The nearly six-year delay in ruling on appellee Stoll's motion can only be explained as part of the trial court's slow moving docket under a prior judge.
[3] This excerpt gives a flavor of the superfluous writing style that appellant's counsel utilized in drafting both the original and the amended complaints which were the subject of the motions for a more definite statement, as well as the subsequent Civ.R. 60(B) "motion for reconsideration." *Page 1