[Cite as *Bank of New York Mellon v. Uballe*, 2017-Ohio-7978.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

| | |
|---|---|
| The Bank of New York Mellon f/k/a The Bank of New York, as successor-in-interest to JP Morgan Chase Bank, N.A., as Trustee for Bear Sterns Asset-Backed Securities Trust 2005-SD4, Asset-Backed Certificates, Series 2005-SD4 | Court of Appeals No. L-15-1047<br><br>Trial Court No. CI0201204426 |
| Appellee | |
| v. | |
| Reynaldo Uballe, Jr., et al. | **DECISION AND JUDGMENT** |
| Appellant | Decided: September 29, 2017 |

* * * * *

David A. Wallace and Karen M. Cadieuz, for appellee.

Mark M. Mockensturm and Brandon M. Rehkopf, for appellant.

* * * * *

**JENSEN, P.J.**

## I. Introduction

{¶ 1} This is an appeal in a foreclosure action in which the Lucas County Court of Common Pleas denied appellant's, Reynaldo Uballe, motion for relief from judgment. For the reasons that follow, we affirm.

## A. Facts and Procedural Background

{¶ 2} On December 20, 2001, appellant purchased a home located at 5536 Forest Green Drive, Toledo, Ohio. On that same date, appellant executed a promissory note in the amount of $166,500 in favor of Pacific Guarantee Mortgage Corporation. As security for the note, appellant executed a real estate mortgage against the property in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Pacific Guarantee Mortgage Corporation. The mortgage was recorded with the Lucas County Recorder on January 17, 2002.

{¶ 3} Appellant eventually defaulted on his obligations under the note and mortgage in August 2010. Thereafter, MERS assigned the mortgage to appellee, The Bank of New York Mellon f/k/a The Bank of New York, as successor-in-interest to JPMorgan Chase Bank, N.A., as Trustee for Bear Sterns Asset Backed Securities Trust 2005-SD4, Asset-Backed Certificates, Series 2005-SD4. The assignment was recorded with the Lucas County Recorder on June 27, 2012.

{¶ 4} Approximately one month later, appellee filed its complaint for foreclosure, seeking to enforce its security interest and recover from the sale of the property the amount of $150,767.03 together with interest at the rate of 8.625 percent per year from

2.

July 1, 2010. Because appellant's personal obligations on the note had previously been discharged in bankruptcy, appellee did not seek a personal judgment against appellant.

{¶ 5} In its complaint, appellee claimed that it was a person entitled to enforce the note under R.C. 1303.31 and that it had complied with all conditions precedent. A copy of the mortgage between appellant and MERS was attached to the complaint, along with an affidavit indicating that the original note had been lost.

{¶ 6} On August 29, 2012, appellee filed a motion for default judgment, in which it sought judgment against appellant on the basis that appellant failed to file an answer or to otherwise defend. Three weeks later, appellant responded by filing a motion for leave to file a late answer. The court granted leave and appellant filed his answer on October 1, 2012.

{¶ 7} On October 19, 2012, appellee moved for summary judgment, arguing that it had established a prima facie case of foreclosure and that it was entitled to judgment as a matter of law. Attached to the motion were copies of the note and mortgage, along with an affidavit indicating that the original note had been lost and another affidavit from appellee's vice president stating that appellant was in default on the note and mortgage and owed $150,767.03, plus applicable interest, as of August 15, 2012.

{¶ 8} Appellant responded to appellee's motion for summary judgment by filing a motion for enlargement of time, in which he sought additional time to respond to the motion for summary judgment. The trial court granted appellant's motion and ordered him to respond to appellee's motion for summary judgment on or before December 2, 2012.

3.

{¶ 9} Appellant failed to file a memorandum in opposition to appellee's motion. Consequently, on May 2, 2013, the trial court granted appellee's motion for summary judgment and issued its judgment entry and decree in foreclosure.

{¶ 10} Seven months later, appellee filed a motion to reopen the case in order to name and serve the Internal Revenue Service as a junior lienholder so that it could pass clear title to the purchaser of the property at a subsequent sheriff sale. According to its memorandum in support of the motion, appellee discovered the Internal Revenue Service's lien while marketing the property for sale. The trial court granted appellee's motion on February 13, 2014, without opposition from appellant. The Internal Revenue Service was subsequently dismissed by appellee's filing of a notice of partial dismissal on July 17, 2014.

{¶ 11} On July 31, 2014, appellant filed a motion to vacate the trial court's judgment under Civ.R. 60(B). In his motion, appellant argued that appellee lacked standing to bring this action as of the time the complaint was filed. Further, appellant asserted that relief from judgment was appropriate under Civ.R. 60(B)(2) based upon evidence that was not discovered until June 2014 when he received the results of a previously requested securitization audit of his loan. Appellant also asserted that relief from judgment was justified under Civ.R. 60(B)(3) based upon appellee's failure to disclose issues with its chain of title and its fraudulent statements and misrepresentations concerning its status as a real party in interest. Alternatively, appellant argued that he was entitled to relief under the catch-all provision of Civ.R. 60(B)(5) based upon principle of equity.

4.

{¶ 12} On September 16, 2014, appellee filed its memorandum in opposition to appellant's motion to vacate the judgment of foreclosure. In its memorandum, appellee argued that appellant's motion was untimely filed almost 15 months after the trial court issued its decree in foreclosure. Additionally, appellee urged the court to deny the motion on the merits because appellee established standing at the time the complaint was filed by demonstrating that it had received the mortgage by assignment from MERS prior to filing the complaint. Appellee asserted that the evidence upon which appellant relies to support his motion was not newly discovered but, rather, had been part of the public record since October 1, 2005. Moreover, appellee disputed appellant's allegation of fraud, insisting that the issues with the chain of title identified by appellant were based on a prior assignment of the mortgage that was a nullity because the assignor did not have any interest in the mortgage that it could transfer. Finally, appellee contended that appellant's equity argument was not the type of argument that would merit relief from judgment under the catch-all provision of Civ.R. 60(B)(5).

{¶ 13} Upon consideration of the parties' arguments, the trial court issued its decision denying appellant's motion to vacate its decree in foreclosure on January 27, 2015. In its decision, the trial court found that the "newly discovered evidence" upon which appellant relied to warrant relief from judgment consisted of matters of public record that were available to him prior to the issuance of the court's decree in foreclosure. The court rejected appellant's fraud argument that appellee misrepresented its standing to pursue foreclosure proceedings, finding that such claims are limited to deceit or other unconscionable conduct committed by a party to obtain a judgment. Moreover, the trial

5.

court found no merit to appellant's argument under Civ.R. 60(B)(5). The court noted that the arguments advanced by appellant under that section were merely reiterations of arguments he set forth under the more specific subsections of Civ.R. 60(B).

{¶ 14} Following the trial court's denial of his Civ.R. 60(B) motion, appellant filed his timely notice of appeal.

### B. Assignment of Error

{¶ 15} On appeal, appellant assigns the following error for our review:

> The trial [court] abused its discretion by not granting the defendant/appellant's motion under Civ.R. 60(B)(5).

### II. Analysis

{¶ 16} Under Civ.R. 60(B)(5), a court may relieve a party from a final judgment for "any other reason justifying relief from the judgment." In order to obtain relief from judgment, the movant must demonstrate that:

> (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. *GTE Automatic Elec. v. ARC Industries*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

If any one of the three *GTE* requirements is not met, the motion should be overruled. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988).

6.

{¶ 17} Civ.R. 60(B)(5) is a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of judgment. *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64, 66, 448 N.E.2d 1365 (1983). The grounds for invoking Civ.R. 60(B)(5) should be substantial. *Babcock Dairy Co., Inc. v. Davis*, 6th Dist. Lucas No. L-83-142, 1983 Ohio App. LEXIS 11561, *2 (Aug. 12, 1983). Furthermore, Civ.R. 60(B)(5) should not be used as a substitute for the more specific provisions of Civ.R. 60(B). *Lohman* at 66.

{¶ 18} A trial court's disposition of a Civ. R. 60(B) motion is reviewed for an abuse of discretion. *Eubank v. Anderson*, 119 Ohio St.3d 349, 2008-Ohio-4477, 894 N.E.2d 48; *McGee v. Lynch*, 6th Dist. Erie No. E-06-063, 2007-Ohio-3954, ¶ 29. An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 19} In this case, the trial court found in appellant's favor under the meritorious defense prong of the *GTE* test. However, the trial court rejected appellant's arguments under the second prong of the *GTE* test. Appellant does not challenge the trial court's rejection of his arguments under Civ.R. 60(B)(2) or (3). Rather, he focuses his attention on the court's rejection of his motion under Civ.R. 60(B)(5). Appellant contends that the trial court abused its discretion in finding that there were no grounds for relief under Civ.R. 60(B)(5) because he demonstrated that there were deficiencies in the title that were discovered after the judgment was entered that called appellee's standing into question. Appellant reasons that it was inequitable for the trial court to allow appellee to

7.

reopen the case in order to add the Internal Revenue Service as a defendant and yet deny his motion to vacate the judgment in order to allow him to raise his standing argument.

{¶ 20} At the outset, we note that the trial court's treatment of appellee's request to add a party was governed under Civ.R. 21 and was therefore not subject to the same standard as appellant's motion to vacate the judgment filed under Civ.R. 60(B). In addition, appellant fails to explain why he was unable, with due diligence, to discover the alleged title deficiencies he references in his brief and alert the court to those deficiencies prior to the entry of the foreclosure decree. Although appellant's standing argument may constitute a meritorious defense under the first prong of the *GTE* test, this argument is insufficient to merit relief under Civ.R. 60(B)(5) unless appellant sets forth a convincing argument as to why he was unable to raise the argument in a memorandum in opposition to appellee's motion for summary judgment. *See Lohman*, *supra*, 5 Ohio St.3d at 66, 448 N.E.2d 1365 ("Having failed to demonstrate excusable neglect (Civ. R. 60[B][1]), appellant could not contend it should be relieved of the default judgment pursuant to Civ. R. 60(B)(5) simply because it had a meritorious defense."). To hold otherwise would be to allow the second prong of the *GTE* test to be subsumed into the first prong.

{¶ 21} In light of the foregoing, we find that the trial court properly concluded that appellant failed to establish that he was entitled to relief under Civ.R. 60(B)(5). Accordingly, the trial court did not abuse its discretion in denying appellant's motion to vacate the foreclosure decree, and appellant's sole assignment of error is not well-taken.

8.

### III. Conclusion

**{¶ 22}** Based on the foregoing, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.          _____
                                                JUDGE

James D. Jensen, P.J.     

                                        _____
Christine E. Mayle, J.                          JUDGE
CONCUR.

                                        _____
                                                JUDGE

9.